Judge Lane
delivered the opinion of the court:
*The subjects of evidence offered by the defendants profess to be a proceeding of the court of common pleas of Muskingum county, carrying into effect the provisions of a statute, entitled “ an act to authorize Moses Dillon and his associates to ■erect a toll-bridge over the Muskingum river,” 10 Ohio L. 51, by which the right to use the land in question, then owned by McIntyre, was given to Dillon, in the erection and occupancy of a toll-bridge. The form, consequently, which the objection must assume, is, either that no authority is shown to appropriate the land to this purpose, or that this authority has been so defectively executed that no such appropriation is made.
That the legislature may lawfully create the franchise of erecting a toll-bridge we have no doubt. It is as much an object of pub- . lie concern as a turnpike road or a highway. It follows that 'private property, if necessary for this purpose, maybe taken from the owner, due provision being made for his compensation.
Section 2 of the statute is designed to secure the rights; of the proprietor of the land. ' It is there provided, that on the petition • of Dillon to the court of common pleas, a valuation of the property necessary to be taken shall be made by three commissioners, whose report shall be entered of record in the office of the clerk, .and the amount paid, before the property shall be appropriated to the use of the bridge.
The first objection made to the form of the proceedings is, that “ it has never been entered of record.” The original petition and report are not to be found, and no entry of proceedings has been made, except upon the journals of the court; and the question now made is whether the journal of the court is a record, so that entry there will satisfy this requisition. It is said that a distinct record of all the proceedings, in relation to this application, shall be made on the “complete records ” of the court; that the judgment book in England is not evidence. 5 B. & P. 474. This question, in our opinion, must be determined by the practice in our state. By our statute, the journal of courts is required to be kept, and in providing that acts of the court are of no validity, until entered there, it is implied that an Gentry on the journals is all that is indispensable to make an act of the court effectual. Hence judgments are good before the complete record is made; and- in the practice of many clerk’s offices, no complete *447 record is deemed necessary, except of litigated suits. The only evidence of the doings of the court, in this case, is found in the journals. It is true that the entries in the journal are not any part of the record in the case, 1 Ohio, 268; but the book is one of the records of the court, containing the necessary materials to make the complete record, and “ when all is done to authorize the recording officer to record, it is in law considered as recorded, although the manual labor of writing it in the book, kept for that purpose, has not been performed.” 4 Ohio, 83. The objection, therefore, in our opinion, is not sustained. The proof offered shows the action of the court, in a matter over which they possessed jurisdiction, and consequently must not be collaterally questioned in another person. 1 Pet. 540.
The statute requires that the land shall be valued by three freeholders, and the assessment paid, before it can be taken for the bridge. The proceedings of the court show the valuation made and the amount tendered, but that although all the appraisers were present and acting, that two only united in the appraisement. It is objected that the dissent of one invalidates the appraisal, for it is insisted that a strict execution of powers must be shown. 3 Johns. Cas. 107; 1 Burr. 377; 4 Burr. 2244; Cowp. 26; 7 Term, 363. The determination of this point depends upon the nature of the powers to be executed by the commissioners. In the execution of a power delegated for purposes merely private, it is necessary .that all should concur in the act; as in cases of trustees, arbitrators, etc. But if the persons be intrusted with powers in some respects of a general nature, or for public objects, if all are acting, a majority will conclude the minority, and their act is the act of the whole. Co. Lit. 181; 6 E. B. & E. 228; 6 Johns. 39. It is evident that this power was confided to these commissioners for public objects, since the taking the land from McIntyre can be justified upon np other ground than that it was demanded by public interest.
*It is further objected that the law, section 2, requires notice to be given to the owner or owners of the land proposed to be taken, and that the case shows notice to McIntyre only, who held but an undivided moiety. But the plaintiff holds the estate of McIntyre, and is bound by what bound him; and it is plain he sustained no injury, since his interest was the subject of appraisal; *448 and especially has he little cause to complain, if, as is possible, he was taken to be the sole owner of the land.
¥e are satisfied the evidence was-improperly rejected ; and that a new trial be granted, the costs of which must abide the event of the suit.