THE STATE OF OHIO, APPELLEE, *v.*
KODER, APPELLANT.

(No. WD-82-22—Decided August 6, 1982.)

*Mr. William Hayes,* for appellee.
*Mr. Lorin J. Zaner,* for appellant.

CONNORS, P.J. This cause comes on appeal from the conviction and sentencing of appellant, Paul M. Koder, by the Perrysburg Municipal Court for driving while intoxicated and speeding.

The parties have entered into an agreed statement of facts which provides, in pertinent part, that:

"1. On September 12, 1981 Defendant was observed traveling westbound on the Ohio Turnpike which is a limited access roadway in the State of Ohio requiring a person to obtain a card before traveling on it.

"* * *

"3. A trooper from the Ohio Highway Patrol pursued Defendant and clocked Defendant's speed at eighty-nine miles per hour (89 m.p.h.).

"* * *

"5. Defendant had a strong odor of alcohol about his person, glassy eyes and was unsteady on his feet.

"6. Defendant was arrested for Driving While Under the Influence of Alcohol and taken to the Walbridge Post of the Highway Patrol.

"7. Defendant was read standard implied consent form. See Exhibit 1.

"8. The Defendant tested .319% blood alcohol content on the intoxilyzer.

"9. The Ohio Highway Patrol is the only police agency authorized to enforce traffic regulations on the Turnpike.

"10. The arresting trooper knew of the existence of the Ohio Turnpike Traffic Regulations and had a copy in his car at the time Defendant was arrested. See Exhibit 2.

"11. The arresting trooper was told by his training officer not to cite under the Ohio Highway Turnpike Commission Rules if there is a similar offense under the Ohio Revised Code. The arresting trooper does not know if this is or is not a policy of the Ohio Highway Patrol in Columbus or of his commanding officer.

"12. Ohio Turnpike Commission Regulation 2.3 covers the offense of speeding and Ohio Turnpike Commission Regulation 2.4, paragraph three (3) covers the offense of Driving While Under the Influence of Alcohol. See Exhibit 2."

Appellant was tried before the Perrysburg Municipal Court. Said court overruled appellant's motions to dismiss and to suppress evidence. The trial court found appellant guilty of both charges and sentenced appellant. From the judgment of the trial court, appellant now appeals.

Appellant's assignment of error states that:

"I. The Perrysburg Municipal Court erred by denying appellant's motions and amended motions to suppress and dismiss.

"A. The Ohio Turnpike is a private and not a public road.

"B. Appellant was coerced into taking the intoxilyzer test for the implied consent statute is not applicable to offenses occurring on the Ohio Turnpike.

"C. Even if the Ohio Turnpike is a public road, appellant should have been charged under the Ohio Turnpike Regulations and not § 4511.19 of the Ohio Revised Code."

Appellant's first contention is that the Ohio Turnpike is a private road. We disagree.

R.C. 5537.02 states, in part, that:

"* * * [T]he exercise by * * * [the Ohio Turnpike Commission] of the powers conferred by sections 5537.01 to 5537.23 of the Revised Code, in the construction, operation, and maintenance of turnpike projects shall be held to be essential governmental functions of the state * * *."

*State, ex rel. Kauer,* v. *Defenbacher* (1950), 153 Ohio St. 268 [41 O.O. 278], in dealing with financing for turnpike projects, held in its syllabus that:

"6. Money so expended would be 'expended for * * * costs for construction * * * of public highways and bridges and other statutory highway purposes,' within the meaning of Section 5a of Article XII of the Constitution.

"* * *

"10. The Ohio turnpike commission is a public organization created for a public purpose."

In *State, ex rel. Allen,* v. *Ferguson* (1951), 155 Ohio St. 26, 43 [44 O.O. 63], the court stated that a "turnpike project is obviously an enterprise of a public character." See, also, *Young* v. *Buckingham* (1832), 5 Ohio 485.

An opinion of the Ohio Attorney General in 1960, Atty. Gen. Ops. 593, No. 1658, stated that Ohio's point system for motor vehicle violations, R.C. 4507.40, applies to violations on the Ohio Turnpike. The opinion framed the issue as to whether the Ohio Turnpike was a public

highway. *Id.* at 595. Upon an examination of pertinent statutes and case law, the opinion concluded that the legislature intended the Ohio Turnpike to be a public highway. *Id.* at 596.

R.C. 5503.31 authorizes the State Highway Patrol to enforce the laws of the state on all turnpike projects. The fact that the legislature made state motor vehicle laws applicable to the Ohio Turnpike indicates that the legislature considered the turnpike to be a public highway. See 1960 Ohio Atty. Gen. Ops. 593, No. 1658.

A 1953 Ohio Attorney General opinion, Atty. Gen. Ops. 605, No. 3245, held that the Ohio Turnpike is a "public highway in this state" as that term is employed in R.C. 4921.02.

We find in 39 American Jurisprudence 2d 405, Highways, Streets and Bridges, Section 7, the following:

"* * * [A] turnpike or toll road is a highway established by public authority for public use, and is to be regarded as a public easement and not as private property. Its public character is unaffected by the fact that its use requires the payment of a toll.

"Generally speaking, in statutes referring to highways, the term has been held to include turnpikes or toll roads." (Citations in footnotes omitted.)

In light of the foregoing, we conclude that the Ohio Turnpike is a public highway and that Ohio laws governing the operation of motor vehicles on public highways, specifically R.C. 4511.19 and 4511.191, apply to the Ohio Turnpike. Accordingly, it was proper for the patrolman to read the implied consent form to appellant, and appellant was not coerced into taking the intoxilyzer test.

Appellant's next contention is that he should have been charged under the Ohio Turnpike Regulations, and not the Revised Code.

R.C. 5503.31 clearly gives the State Highway Patrol the authority to enforce the laws of the state; specifically, said

laws include R.C. 4511.19, driving while intoxicated. R.C. 5537.16 authorizes the Turnpike Commission to issue regulations for turnpike traffic. Turnpike Regulation Section 2.4, paragraph 3, prohibits driving while intoxicated on the turnpike and provides for a $50 fine for the first offense. Thus, the conduct of driving on the turnpike while intoxicated is prohibited by both the Revised Code and the Turnpike Regulations. Appellant's contention is that the Turnpike Regulations preempt the Revised Code. We disagree.

We find no authority for the proposition that the Turnpike Regulations preempt the Revised Code with respect to driving while intoxicated. R.C. 5537.16 authorizes the Turnpike Commission to issue regulations preempting the Revised Code with respect to speed limits, axle loads, vehicle loads and vehicle dimensions. Regulations respecting these matters, however, pertain to problems and characteristics which are peculiar to the turnpike. Thus, it was natural and logical for the Turnpike Commission to receive authorization to deal with problems not dealt with by the Revised Code or problems peculiar to the turnpike. As appellee correctly argues, the fact that the legislature defined only a small class of regulations where the Turnpike Regulations would prevail over the Revised Code indicates that wholesale preemption was never intended.

We follow the holding in *United States* v. *Batchelder* (1979), 442 U.S. 114, 123, 124, wherein the court stated that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants." Accordingly, we conclude that the State Highway Patrol could properly charge appellant under the Revised Code and not under the Turnpike Regulations.

On consideration whereof, the court finds that the defendant was not prejudiced or prevented from having a fair trial, and the judgment of the Perrysburg Municipal Court is affirmed. This cause is remanded to said court for execution of sentence and assessment of costs. Costs assessed against appellant.

*Judgment accordingly.*

DOUGLAS and BARBER, JJ., concur.