[Cite as *Cent. Mtge. Co v. Webster*, 2011-Ohio-4442.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| CENTRAL MORTGAGE CO. | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2011 CA 00005 |
| RITA MAY WEBSTER, et al. | : | |
| | : | |
| | : | |
| Defendants-Appellees | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Stark County Court of
                                 Common Pleas, Case No. 2009CV04354


JUDGMENT:                        REVERSED AND REMANDED


DATE OF JUDGMENT ENTRY:          August 29, 2011


APPEARANCES:

For Appellant:                            For Appellee:

ADAM R. FOGELMAN                          DAVID L. DINGWELL
120 E. Fourth St., 8th Floor              220 W. Market Ave. S., 8th Floor
Cincinnati, OH 45202                      Canton, OH 4402


*Delaney, J.*

{¶1} Plaintiff-Appellant Central Mortgage Company appeals the December 9, 2010 judgment entry of the Stark County Court of Common Pleas. Defendant-Appellee is Rita May Webster.

## STATEMENT OF THE CASE[1]

{¶2} Appellant filed its complaint in foreclosure against Defendants-Appellees, Rita May Webster and John Doe, Unknown Spouse of Rita May Webster on November 12, 2009. Appellant alleged Appellees were in default on a note and mortgage held by Appellant.

{¶3} Appellant filed a motion for summary judgment on October 1, 2010. The trial court denied the motion for summary judgment and ordered the case to proceed to trial on October 22, 2010.

{¶4} A bench trial was held before the magistrate. On October 28, 2010, the magistrate issued her decision to grant Appellee's motion to dismiss because the magistrate found Appellant failed to demonstrate it was the real party in interest and the current holder of the note and mortgage. The magistrate's decision stated pursuant to Civ.R. 53, any party could file written objections to the decision within 14 days from the date of the decision. Written objections were therefore due on or before November 11, 2010.

{¶5} November 11, 2010 was Veteran's Day, a legal holiday observed by the Stark County Clerk of Courts. Appellant filed its objections to the magistrate's decision on November 12, 2010, 15 days after the filing of the magistrate's decision.

{¶6} Appellee filed a motion to strike Appellant's objections to the magistrate's decision as being untimely filed. Appellant filed a motion for extension of time in which

to file its objections. On December 9, 2010, the trial court granted Appellee's motion to strike Appellant's objections to the magistrate's decision. The trial court further adopted and approved the October 28, 2010 magistrate's decision.

{¶7} It is from this decision Appellant now appeals.

{¶8} Appellant raises three Assignments of Error:

{¶9} "I. THE TRIAL COURT ERRED WHEN IT DISMISSED PLAINTIFF-APPELLANT CENTRAL MORTGAGE COMPANY'S COMPLAINT ON THE MERITS.

{¶10} "II. THE TRIAL COURT ERRED WHEN IT STRUCK PLAINTIFF-APPELLANT CENTRAL MORTGAGE COMPANY'S OBJECTIONS TO THE OCTOBER 28, 2010 MAGISTRATE'S DECISION.

{¶11} "III. THE TRIAL COURT ERRED WHEN IT ADOPTED THE OCTOBER 28, 2010 MAGISTRATE'S DECISION, BECAUSE THE MAGISTRATE FAILED TO AWARD JUDGMENT TO PLAINTIFF-APPELLANT CENTRAL MORTGAGE COMPANY AFTER THE OCTOBER 23, 2010 TRIAL."

**II.**

{¶12} We address Appellant's second Assignment of Error first because it is dispositive of this appeal. Appellant argues the trial court abused its discretion by granting Appellee's motion to strike Appellant's objections to the magistrate's decision. We agree.

{¶13} The decision whether to grant or deny a motion to strike is governed by the abuse of discretion standard of review. *Ohio Farm Bureau Federation, Inc. v. Amos*, Ashland App. No. 05 COA 031, 2006-Ohio-1512, ¶41. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or

---

[1] A statement of the facts is unnecessary for the disposition of this appeal.

unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶14} The magistrate's decision was issued on October 28, 2010. Appellant filed its objections to the magistrate's decision on November 12, 2010. November 12, 2010 is 15 days from the date of the filing of the magistrate's decision.

{¶15} Civ.R. 53(D)(3)(b)(i) requires that a party filing objections to a magistrate's decision must file those objections within 14 days of the date of the magistrate's decision. Appellant's objections were therefore due on November 11, 2010. November 11, 2010, however, was Veteran's Day, a legal holiday. The Stark County Clerk of Courts observed the legal holiday on November 11, 2010 and was closed for business.

{¶16} Civ.R. 6(A) provides for filing deadlines when the deadline occurs on a legal holiday:

{¶17} "In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. When a public office in which an act, required by law, rule, or order of court, is to be performed is closed to the public for the entire day which constitutes the last day for doing such an act, or before its usual

closing time on such day, then such act may be performed on the next succeeding day which is not a Saturday, a Sunday, or a legal holiday."

{¶18} The filing deadline in the present case was November 11, 2010 but because November 11, 2010 was a legal holiday, the filing deadline became the next day of court, which was November 12, 2010. Appellant's objections to the magistrate's decision were timely filed on November 12, 2010.

{¶19} Accordingly, we sustain Appellant's second Assignment of Error to find the trial court abused its discretion in granting Appellee's motion to strike Appellant's objections to the magistrate's decision for being untimely.

{¶20} Based on our ruling, we decline to address Appellant's first and third Assignments of Error because they are premature.

{¶21} We therefore reverse the December 9, 2010 judgment entry and remand the matter to the trial court to consider Appellant's objections to the magistrate's decision.

By: Delaney, J.
Hoffman, P.J. and
Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CENTRAL MORTGAGE CO.          :
:
:
:
         Plaintiff-Appellant      :
:
-vs-                              :      JUDGMENT ENTRY
:
RITA MAY WEBSTER, et al.      :
:
:      Case No. 2011CA00005
         Defendants-Appellees    :

For the reasons stated in our accompanying Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed and the matter is remanded for further proceedings consistent with this opinion and law. Costs assessed to Appellee.

_____
HON. PATRICIA A. DELANEY

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE