[Cite as *G. Lieu, Inc. v. E. Constr. & Remodeling, L.L.C.*, 2018-Ohio-56.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| G. Lieu, Inc., | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 16AP-771 |
| v. | : | (C.P.C. No. 10CV-16929) |
| E. Construction & Remodeling, LLC et al., | : | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on January 9, 2018

**On brief:** *Sam S. Law,* for appellant. **Argued:** *Sam S. Law.*

**On brief:** *Johrendt & Holford,* and *Andrew M. Holford,* for appellee Ernest Chen. **Argued:** *Andrew M. Holford.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Plaintiff-appellant, G. Lieu, Inc., appeals from the Franklin County Court of Common Pleas decisions of October 3, 2016, granting defendant-appellee, Ernest Chen's motion to vacate a default judgment, and of October 5, 2016, granting appellee's motion for summary judgment. For the following reasons, we affirm.

**I. FACTS AND PROCEDURAL HISTORY**

{¶ 2} The basic facts are as follows. On July 15, 2010, a written contract was entered into by Thai Asian Bistro and E. Construction & Remodeling, LLC ("ECR"), whose sole member is appellee, Ernest Chen. Thai Asian Bistro is a restaurant operated and owned by appellant, G. Lieu, Inc. The contract was signed by Tai Van Lieu on behalf of

Thai Asian Bistro, and appellee Chen on behalf of ECR. The contract shows ECR's business address as 1594 Fallhaven Dr., Columbus, Ohio ("Fallhaven address").

{¶ 3} The project called for the construction of a patio area to the existing restaurant at a total cost of $82,000, with appellant to pay an initial payment of $30,000. The initial payment was made via bank check payable to ECR. ECR commenced work, but left the job within two weeks of commencement. The parties dispute who was at fault for the breakdown of the project.

{¶ 4} On November 17, 2010, appellant filed a complaint in the Franklin County Court of Common Pleas against ECR and appellee, collectively denominated as the "defendants." Appellant alleged breach of contract, conversion, and unjust enrichment against the defendants. Initially, service of process was requested on both defendants at the Fallhaven address, and service failed as to each. Upon that failure, appellant requested service by certified mail, and that service was returned to the clerk of courts as refused by both defendants on February 8, 2011. Appellant, pursuant to Civ.R. 4.6(C), then requested ordinary mail service, and proof of service was filed by the clerk on February 24, 2011.

{¶ 5} On April 21, 2011, an amended complaint was filed asserting the same three claims against the defendants. Appellant again requested ordinary mail service on both defendants at the Fallhaven address, and proof of service was filed by the clerk on April 27, 2011. No answer was filed and, on July 15, 2011, appellant moved for a default judgment. A hearing was held in which the defendants did not appear, and the trial court granted a default judgment against the defendants in the amount of $65,000, plus interest.

{¶ 6} On March 25, 2014, ECR and appellee filed a motion to vacate a void default judgment, arguing that the judgment was void for lack of jurisdiction. Attached to the motion was the affidavit of appellee and a decree of dissolution and separation agreement involving himself and his now ex-wife which provided evidence that he had moved out of the family home which was the Fallhaven address by August 5, 2009. When it became the residence of his now ex-wife he stopped conducting ECR's business at that address. The decree of dissolution was filed on September 10, 2011, approximately ten months prior to the contract between appellant and ECR. In addition, appellee denied ever receiving any

paperwork, including the summons, complaint, and motion for default judgment, and claimed that he only became aware of the judgment in March of 2014.

{¶ 7} The matter was referred to a magistrate for an evidentiary hearing that was held on September 15, 2014. In addition to appellee's testimony, he introduced as exhibits the separation agreement and divorce decree, pay stubs, W-2s, and a school tuition statement showing his addresses in Columbus (none of which were the Fallhaven address), Zanesville, and Dayton, for the time period of 2010-11. Specifically, the magistrate found the testimony of appellee to be credible and that the documentary evidence presented on his behalf clearly established that the judgment against him was void.

{¶ 8} As such, on September 18, 2014, the magistrate found the motion to vacate the judgment well-founded and timely, and granted the same as to appellee. The magistrate denied the motion to vacate as to ECR. ECR did not file objections to the magistrate's decision. On September 30, 2014, the trial court approved and adopted the magistrate's decision as its own in its entirety.

{¶ 9} On October 2, 2014, appellant filed three objections to the magistrate's decision. In the same document, appellant twice asked the trial court for leave to file supplemental objections upon receipt of the hearing transcript, which had been ordered. The transcript was filed on October 23, 2014.

{¶ 10} On August 28, 2015, appellee filed a motion for summary judgment arguing that he was not a party to the contract and, therefore, can have no liability for any alleged breach. Appellee also argued that the conversion and unjust enrichment claims fail as a matter of law. In response, appellant contended that the amended complaint stated sufficient facts to state a claim for piercing the corporate veil.

{¶ 11} On August 30, 2015, appellant, not having received a ruling on its motion to file supplemental objections that was included with the initial objections to the magistrate's decision, filed supplemental objections without leave of court. On September 14, 2015, appellee filed a motion to strike the supplemental objections.

{¶ 12} On October 3, 2016, the trial court filed a decision and entry overruling appellant's initial objections to the magistrate's decision, granting appellee's motion to strike appellant's supplemental objections, and reaffirming its decision and entry

approving and adopting the magistrate's decision. On October 5, 2016, the trial court filed a decision granting appellee's motion for summary judgment. The trial court filed the journal entry of dismissal on October 13, 2016. Appellant filed a notice of appeal on November 11, 2016.

## II. ASSIGNMENTS OF ERROR

{¶ 13} Appellant assigns the following two assignments of error:

[I.] THE TRIAL COURT ERRED IN VACATING THE DEFAULT JUDGMENT AGAINST APPELLEE ERNEST CHEN.

[II.] THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AGAINST APPELLANT G.LIEU AND IN FAVOR OF APPELLEE ERNEST CHEN.

## III. ASSIGNMENT OF ERROR ONE–DEFAULT JUDGMENT

{¶ 14} In the first assignment of error, appellant alleges that the trial court erred in vacating the default judgment against appellee. If a party files objections to a magistrate's decision, a trial court undertakes a de novo review of a magistrate's decision. *Wells Fargo Bank, N.A. v. Rahman,* 10th Dist. No. 13AP-376, 2013-Ohio-5037, ¶ 11. We note that the magistrate, as trier of fact, "was in the best position to assess the credibility of the witnesses and to determine which testimony it found believable." *Mayle v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 32, citing *Seasons Coal Co., Inc. v. Cleveland,* 10 Ohio St.3d 77 (1984). The appellate standard of review when reviewing a trial court's adoption of a magistrate's decision is an abuse of discretion. *Rahman* at ¶ 11. Therefore, we will only reverse a trial court's adoption of a magistrate's decision if the trial court acted in an unreasonable or arbitrary manner. *Id.* In addition, the decision whether to grant or deny a motion to strike is governed by an abuse of discretion standard of review. *Cent. Mtge. Co. v. Webster,* 5th Dist. No. 2011 CA 00005, 2011-Ohio-4442, ¶ 13, citing *Ohio Farm Bur. Fedn., Inc. v. Amos,* 5th Dist. No. 05 COA 031, 2006-Ohio-1512, ¶ 41.

{¶ 15} Appellant alleges that: (1) the magistrate erred in determining appellee was not properly served; (2) the magistrate erred in failing to distinguish between unclaimed service and refusal of service under Civ.R. 4.6(C) and (D); and (3) the magistrate erred in

failing to admit U.S. postal regulations into evidence. We will address these issues in order.

**A. Service on appellee Chen**

{¶ 16} Appellant argues that the trial court focused on whether there were sufficient facts to rebut actual service, when the issue should have been whether the service was reasonably calculated to notify appellee of the case against him. Appellant argues that it followed Civ.R. 4.6(C), which pertains to certified mail that has been refused, and therefore, service was reasonably calculated to serve appellee and proper service is conclusively proven. Appellant even concedes and argues that "[w]hile there may have been sufficient facts presented to rebut the presumption of actual service, there were overwhelming facts to establish the service chosen by Appellant." (Appellant's brief at 18.) By appellant's logic, following the civil rules is enough to establish service and no opportunity to rebut service should follow. We disagree.

{¶ 17} We have recently stated the law in this area in *Chuang Dev. LLC v. Raina*, 10th Dist. No. 15AP-1062, 2017-Ohio-3000, ¶ 28-32:

> To render a valid judgment, a court must have personal jurisdiction over a defendant. *Maryhew v. Yova*, 11 Ohio St.3d 154, 156, 11 Ohio B. 471, 464 N.E.2d 538 (1984). A judgment made in the absence of personal jurisdiction over the defendant is void ab initio. *TCC Mgt. v. Clapp*, 10th Dist. No. 05AP-42, 2005-Ohio-4357, ¶ 9; *C & W Invest. Co. v. Midwest Vending, Inc.*, 10th Dist. No. 03AP-40, 2003-Ohio-4688, ¶ 6 * * *.
>
> The authority to vacate a void judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power possessed by Ohio courts. *C & W Invest. Co.* at ¶ 7. Thus, when a party claims a trial court lacked personal jurisdiction over them due to improper service of process, the appropriate method to challenge such void judgment is through a common law motion to vacate. *Id.* See also *Rite Rug Co. v. Wilson,* 106 Ohio App.3d 59, 62, 665 N.E.2d 260 (10th Dist.1995) * * *.
>
> * * *
>
> It is the plaintiff's duty to accomplish proper service on a defendant. *Babbitt & Weis, LLP v. Flynn*, 10th Dist. No. 11AP-2, 2011-Ohio-4835, ¶ 6, citing *Cincinnati Ins. Co. v. Emge*, 124

Ohio App.3d 61, 63, 705 N.E.2d 408 (1st Dist.1997). If a plaintiff follows the civil rules governing service of process, a rebuttable presumption of proper service arises. *Id.* * * *.

A defendant can rebut the presumption of proper service with sufficient evidence that service was not accomplished. *Griffin v. Braswell*, 187 Ohio App.3d 281, 2010-Ohio-1597, ¶ 15, 931 N.E.2d 1131 (10th Dist.) "A failure of service of process, despite compliance with the civil rules" exists where the "plaintiff fails to direct the summons and complaint to the defendant's residence or to an address where the plaintiff could reasonably expect that the summons and complaint would be delivered to the defendant." *Erin Capital Mgt. LLC v. Fournier*, 10th Dist. No. 11AP-483, 2012-Ohio-939, ¶ 19, citing *Grant v. Ivy*, 69 Ohio App.2d 40, 42, 429 N.E.2d 1188 (10th Dist.1980). *A failure of service may also occur where "the defendant does not receive the summons and complaint, even though the plaintiff complied with the civil rules and service was made at an address where the plaintiff could reasonably anticipate that the defendant would receive it."* *Id.*, citing *Rafalski v. Oates*, 17 Ohio App.3d 65, 66-67, 17 Ohio B. 120, 477 N.E.2d 1212 (8th Dist.1984). "In determining whether a defendant has sufficiently rebutted the presumption of valid service, a trial court may assess the credibility and competency of the submitted evidence demonstrating non-service." *Bowling* at ¶ 33.

(Emphasis added.)

{¶ 18} The mailing of service of process to appellee was entered of record on February 24, 2011 with regard to the original summons and complaint, and April 27, 2011 with regard to the summons and amended complaint, and thus vested the trial court with the apparent jurisdiction to enter a default judgment against appellee. *See Babbitt & Weis, LLP v. Flynn*, 10th Dist. No. 11AP-2, 2011-Ohio-4835, ¶ 6. Here, because the service of process sent by ordinary mail was not returned to the clerk, there was a rebuttable presumption of proper service on appellee. *See Erin Capital Mgt. LLC v. Fournier*, 10th Dist. No. 11AP-483, 2012-Ohio-939, ¶ 18.

{¶ 19} Our review shows that appellee presented evidence rebutting the presumption of proper service by establishing that he did not reside at the Fallhaven address at the time which service was attempted. Appellee also testified that he never received the service of process mailed to him at the address to which such ordinary mail

service was addressed, and that he had no notice of the litigation until after a default judgment had been entered against him.

{¶ 20} Appellant does not take issue with the substance of appellee's testimony and exhibits, i.e., that he never received notice or service of the instant matter. Instead, appellant's reasoning centers around Civ.R. 4.6(C) and refusal of service. Appellant argues that, because the certified mail was returned marked "refused," there should be an unrebuttable presumption that appellee consciously and knowingly acted to frustrate service. However, there is no evidence that any such conscious or deliberate refusal took place. As stated in the trial court's decision of October 3, 2016, "[n]otably absent from Plaintiff's arguments—and from this Court's own research—is any legal authority for the notion that the presumption of service arising from compliance with Civil Rule 4.6(C) *cannot* be successfully rebutted." (Emphasis sic.) *Id.* at 6.

{¶ 21} Appellant did not introduce any evidence to rebut appellee's testimony and evidence. Based on our review, and noting that the magistrate was in the best position to assess the credibility of the witnesses and to determine which testimony it found believable, we cannot say that the magistrate erred in finding that appellee was not properly served.

### B. Civil Rules 4.6(C) and (D)

{¶ 22} After attempts at certified mail service have failed under either Civ.R. 4.6(C) or (D), the rules allow for ordinary mail service, with the mailing evidenced by a certificate of mailing which shall be completed and filed by the clerk, and that service shall be deemed complete when the fact of mailing is entered of record. Appellant contends that the magistrate erred in failing to distinguish between refused mail, Civ.R. 4.6(C), and unclaimed mail, Civ.R. 4.6(D). Appellant cites to the magistrate's interweaving of Civ.R. 4.6(C) and (D) to challenge the magistrate's finding that appellee successfully rebutted the presumption of service permitted by those rules.

{¶ 23} We note that the trial court acknowledges that appellant "is correct in that the magistrate does incorrectly cite to Civil Rule 4.6(D) governing the use of ordinary mail when certified mail is returned 'unclaimed' rather than Civ.R. 4.6(C) governing the use of ordinary mail when certified mail is returned 'refused.' " (Oct. 3, 2016 Decision at 5.)

However, the trial court goes on to state that "this factual discrepancy is [] not the crux of the magistrate's findings and conclusions." *Id*. The trial court further states that:

> [R]egardless of whether the ordinary mail was sent after certified mail was marked "refused" or marked "unclaimed," that ordinary mail was never returned to the Clerk. In other words, under either rule, Plaintiff had established proper service. "A rebuttable presumption of proper service attaches when a plaintiff follows the civil rules on service." *Babbit*[t] *& Weiss, LLP v. Flynn*, 10th Dist. No. 11AP-2, 2011-Ohio-4835, ¶ 6. But, as the magistrate correctly noted, the "defendant may rebut this presumption by presenting sufficient evidence." *Id*, citing *Jacobs v. Szakal*, 9th Dist. No. 22903, 2006-Ohio-1312, ¶ 14, quoting *Rafalski v. Oates*, 17 Ohio App.3d 65, 66 (8th Dist.1984).

(Oct. 3, 2016 Decision at 6.)

{¶ 24} Therefore, the trial court concluded that any factual or legal mistake committed by the magistrate in conflating Civ.R. 4.6(C) and (D) did not lead to an error in the magistrate's ultimate conclusions of law and the mistake by the magistrate was moot. We agree with the trial court. Appellant has not provided any legal authority that the presumption of service arising from compliance with Civ.R. 4.6(C) cannot be successfully rebutted, nor any legal authority that the magistrate was compelled to assume, despite the evidence, that appellee consciously and knowingly acted to frustrate service. As such, any error by the magistrate would be harmless.

## C. U.S. Postal Regulations

{¶ 25} Appellant attempted to submit into evidence postal regulations governing refusal of certified mail, apparently in an attempt to bolster its argument that appellee should be presumed to have personally refused service. The magistrate sustained an objection on the basis of relevance. Appellee argues that appellant did not comply with the reasonable notice requirements of Civ.R. 44.1(A)(3), and that the regulations do not have any bearing on the common law of Ohio as to rebutting the presumption of service under the Civil Rules.

{¶ 26} Our review shows that the proposed postal regulations are not in the record. In addition, the transcript of the hearing also does not disclose a proffer or attempted proffer. In *Pullman Power Prods. Corp. v. Adience, Inc.*, 10th Dist. No. 02AP-493, 2003-Ohio-956, ¶ 14, we stated:

> An appellant bears the burden of ensuring that a reviewing court has all the materials necessary to enable it to review the trial court's determination * * *. See App.R. 9 and 10; *Ham v. Park* (1996), 110 Ohio App.3d 803, 809, 675 N.E.2d 505; *Hildebrecht v. Kallay* (June 11, 1993), Lake App. No. 92- L- 189, 1993 Ohio App. LEXIS 2966. "When portions of the [record] necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp* [*v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980).]

{¶ 27} In the instant case, appellant has failed to provide this court with an adequate record, i.e., the proposed postal regulations, to determine the merits of his appeal as it pertains to this issue. In the absence of an adequate record, this court must presume the regularity of the trial court's actions. *See Pullman* at ¶ 15.

### D. Supplemental Objections

{¶ 28} In its decision of October 3, 2016, the court granted appellee's motion to strike appellants supplemental objections on the basis that leave had not been sought, and thus the objections were untimely. Appellant notes that in its initial objections to the magistrate's decision, it requested permission to supplement the objections upon receipt and review of the transcript, which had been ordered.

{¶ 29} Our review shows that appellant did, in its initial objections to the magistrate's decision, request permission to supplement its objections pending receipt of the transcript. However, the transcript was filed on October 23, 2014, but appellant waited over ten months, until August 31, 2015, before attempting to file supplemental objections. Also, appellant never filed a motion specifically to supplement its objections, nor bring to the court's attention the earlier request; instead, appellant filed supplemental objections without the trial court's approval. In addition, in its supplemental objections, appellant admits that "[t]his supplement does not contain any objections that were not previously submitted, but primarily allows the Court to review them in light of the timely filed transcript." (Appellant's Supp. Objs. at 4.) As such, we find that the trial court did not abuse its discretion in striking appellant's supplemental objections. Even if the trial court had erred, in light of appellant's above admission and our review, any error would be harmless.

**E. Summary**

{¶ 30} In this matter, a magistrate held an evidentiary hearing. Appellee presented testimony, exhibits, and affidavits, all to support the central premise that he never received a copy of the complaint. Appellant did not present any evidence to rebut appellee's assertion. The magistrate concluded that appellee rebutted the presumption of proper service at the hearing. The trial court reviewed the transcript and, after a de novo review, came to the same conclusion. Based on our review, we hold that the trial court did not abuse its discretion in vacating the default judgment as to appellee. Appellant's first assignment of error is overruled.

## IV. ASSIGNMENT OF ERROR TWO–SUMMARY JUDGMENT

{¶ 31} Appellant's second assignment of error asserts the trial court erred by granting appellee's motion for summary judgment. Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997). "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997).

{¶ 32} Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C); *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 33} When seeking summary judgment on the ground that the nonmoving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the nonmoving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). A moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the nonmoving party has no evidence to prove its case. *Id.*

Rather, the moving party must affirmatively demonstrate by affidavit or other evidence allowed by Civ.R. 56(C) that the nonmoving party has no evidence to support its claims. *Id.* If the moving party meets this initial burden, then the nonmoving party has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmoving party does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party. *Id.*

{¶ 34} On appeal, appellant argues that even if appellee somehow escapes the service issue, the issue of piercing the corporate veil should not have been decided by summary judgment. Appellee moved for summary judgment on the three counts raised in the amended complaint (breach of contract, conversion, and unjust enrichment). Appellee argued that no genuine issues of material fact exist because he is not a party to the contract and, therefore, can have no liability for any alleged breach. He also argued that the conversion and unjust enrichment claims fail as a matter of law.

{¶ 35} In response, appellant abandons any argument regarding breach of contract, conversion, and unjust enrichment. Instead, appellant raises the issue, for the first time, of piercing the corporate veil. Appellant cites *Dombroski v. WellPoint, Inc.*, 119 Ohio St.3d 506, 2008-Ohio-4827, ¶ 18, citing *Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos.*, 67 Ohio St.3d 274, 289 (1993), for the test regarding piercing the corporate veil:

> The corporate form may be disregarded and individual shareholders held liable for wrongs committed by the corporation when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong." *Id.* at paragraph three of the syllabus. All three prongs of the test must be met for piercing to occur.

{¶ 36} The trial court noted that appellee presented a compelling argument for summary judgment and stated that:

> Plaintiff redirects the argument toward its ability to prevail under the doctrine of piercing the corporate veil. Plaintiff

> requests that the Court disregard ECR's corporate form to reach Defendant individually. * * *
>
> Yet, even under this theory, Plaintiff provides little to no evidence in support of its arguments. At best, without any supporting citation, Plaintiff relies on sworn testimony from the hearing before the magistrate. * * * Finally, Plaintiff presents no evidence demonstrating that Defendant exercised control over ECR in such a manner as to commit fraud or an illegal act. Simple wrongdoing is not sufficient. * * * Thus, Plaintiffs attempt to prevail by piercing the corporate veil is without merit.

(Oct. 5, 2016 Decision at 5-6.)

{¶ 37} We agree with the trial court. Our review shows that appellant cites the three-prong test for piercing the corporate veil but offers no evidence, i.e, affidavits, deposition testimony, or documents, in support of its argument that there is a genuine issue in this regard. Only bare assertions and conclusions were alleged in regard to the first prong of the *Dombrowski* test. No allegations were asserted regarding the second and third prongs. Simply put, nothing was offered for the trial court to construe most strongly in appellant's favor. Appellant did not meet its reciprocal burden under Civ.R. 56(E). Consequently, our de novo review shows that the trial court did not err in granting summary judgment in appellee's favor. Appellant's second assignment of error is overruled.

## V. DISPOSITION

{¶ 38} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and BRUNNER, JJ. concur.

———————————