OPINION
{¶ 1} This is an appeal from a judgment of the Juvenile Court that overruled objections to a magistrate's decision and granted an obligor's motion for a modification of his child support obligation.
 {¶ 2} The parties, David A. Segar and Carol L. Alexander, *Page 2 
are the parents of two children. In 1998, David[1] was ordered to pay child support for the two children. The older of the two is now emancipated. In subsequent proceedings, David's support obligation for his remaining minor child was modified several times.
 {¶ 3} On August 16, 2006, contending that he was unemployed, David moved to again modify his child support obligation for the remaining minor child. (Dkt. 25). Upon David's application, the Juvenile Court appointed a process server (Dkt. 28), who was ordered to serve a copy of the motion and notice of a hearing on the motion on Carol by personal service. (Dkt. 29). The return of service the process server filed indicates that process was instead served on Carol "by residential service" on September 12, 2006, at the address for her indicated on the order for personal service. (Dkt. 29).
 {¶ 4} The matter came on for hearing before a magistrate, as scheduled, on November 27, 2006. Carol failed to appear. After hearing evidence, the magistrate issued a decision reducing David's child support obligation to fifty dollars per month, the minimum permitted by law. R.C. 3119.06. The *Page 3 
decision was adopted by the Juvenile Court as its interim order pursuant to Juv.R. 40(D)(4)(e)(i) on the date it was filed. (Dkt. 30).
 {¶ 5} Carol filed an objection to the magistrate's decision within the fourteen day period permitted by Juv.R. 40(D)(3)(b)(i). Carol contends that she lacked notice of David's motion and the magistrate's November 27, 2006 hearing on the motion. She argued that she had moved from the residential address indicated in the request for personal service before the date on which the process server effected residential service there. (Dkt. 31).
 {¶ 6} The Juvenile Court overruled Carol's objection and adopted the magistrate's decision. The court reasoned that it was Carol's responsibility to notify the court that her address had changed. (Dkt. 32). Carol filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 7} "THE TRIAL COURT ERRED IN FINDING THAT RESIDENTIAL SERVICE OF APPELLEE'S MOTION UPON APPELLANT AT THE LAST ADDRESS FOR HER IN ITS RECORDS, THOUGH NO LONGER HER CURRENT ADDRESS, CONSTITUTED VALID SERVICE, ESPECIALLY SINCE APPELLEE HAD REQUESTED PERSONAL SERVICE."
 {¶ 8} Carol argues that the Juvenile Court could not *Page 4 
obtain personal jurisdiction over her to adjudicate David's motion and grant the relief the court ordered in this circumstance except by personal service of process. We agree.
 {¶ 9} R.C. 2151.23(F)(2) provides: "The juvenile court shall exercise its jurisdiction in child support matters in accordance with section3109.05 of the Revised Code." R.C. 3109.05(A)(1) authorizes domestic relations courts to "order either or both parents to support or help support their children" in actions for divorce, dissolution, or legal separation.
 {¶ 10} Domestic relations courts issuing child support orders have continuing jurisdiction to modify those orders. R.C. 3105.21, R.C.3109.05; Van Divort v. Van Divort (1956), 165 Ohio St. 141. "The continuing jurisdiction of the court shall be invoked by motion filed in the original action, notice of which shall be served in the manner provided for service of process under Civ.R. 4 to 4.6." Civ.R. 75(J). By operation of that rule, the domestic relations court's continuing jurisdiction is not invoked unless those service requirements are satisfied. Yonally v. Yonally (1974), 45 Ohio App.2d 122; Price v.Price (Feb. 4, 1985), Miami App. No. 84CA38.
 {¶ 11} Juv.R. 1(A) provides that The Rules of Juvenile *Page 5 
Procedure prescribe the procedure to be followed in all juvenile courts of the state in all proceedings within their jurisdiction. Juv.R. 16(A) states that "[e]xcept as otherwise provided by these rules, summons shall be served as provided in Civil Rules 4(A),(C),(D), 4.1, 4.2, 4.3, 4.5 and 4.6." That provision mirrors the service of process requirements imposed by Civ.R. 75(J) in order to invoke a domestic relations court's continuing jurisdiction. Therefore, we conclude that the jurisdictional requirements applicable in domestic relations proceedings to motions invoking the domestic relations court's continuing jurisdiction in child support matters likewise apply in proceedings in the juvenile courts invoking that court's jurisdiction in those matters.
 {¶ 12} Civ.R. 4.1(B) states: "When the plaintiff files a written request with the clerk for personal service, service of processshall be by that method." (Emphasis supplied). Courts have held that a defendant has no valid objection if residence service which is otherwise proper is effected after the plaintiff requests personal service.Wuerzer v. Fasy (Sept. 5, 1984), Summit App. No. 11622; Citibank N.A. v.Edelstein (Nov. 25, 1979), Franklin App. No. 79AP-125. In the present case, however, Carol objected that she had moved from the place where residence service was effected approximately *Page 6 
one month earlier, and that she only learned of David's motion and the order modifying David's child support obligation upon her inquiry to the Child Support Enforcement Agency. The Juvenile Court overruled Carol's objection, holding that any failure of service was chargeable to Carol because she failed in her duty to keep the court advised of her current address.
 {¶ 13} Courts typically order support obligors and obligees to notify the court promptly of any changes in their address in order to better administer collections and payments. However, any failure to do that cannot justify ineffective service of process when the court's continuing jurisdiction is invoked, because those service requirements are rooted in a defending party's constitutional due process right to notice and an opportunity to be heard. David requested personal service on Carol. Civ.R. 4.1(A) provides that, in that event, service
 {¶ 14} must be by personal service. The form of residential service effected was therefore inadequate for notice. The trial court erred when it held otherwise.
 {¶ 15} The first assignment of error is sustained.
SECOND ASSIGNMENT OF ERROR
 {¶ 16} "THE TRIAL COURT ERRED IN REDUCING APPELLEE'S SUPPORT OBLIGATION TO $50 PER MONTH RETROACTIVE TO THE DATE HE *Page 7 
FILED HIS MOTION, WHEN AT THAT POINT HE WAS STILL DRAWING UNEMPLOYMENT BENEFITS."
THIRD ASSIGNMENT OF ERROR
 {¶ 17} "THE TRIAL COURT ERRED IN FAILING TO CONSIDER APPELLEE'S EARNING ABILITY AND OTHER RESOURCES IN REDUCING SUPPORT TO $50 PER MONTH."
 {¶ 18} These assignments of error are rendered moot by our prior holding, and therefore we need not decide them. App.R. 12(A)(1)(c). In any event, the error assigned is waived for Carol's failure to object to the error in the objections to the magistrate's decision she filed.
 {¶ 19} The second and third assignments of error are overruled.
 Conclusion {¶ 20} Having sustained the first assignment of error, we will reverse the judgment from which the appeal was taken and remand the case for further proceedings on David Segar's motion of August 16, 2006, seeking to modify his child support obligation.
WOLFF, P.J. And DONOVAN, J., concur.
[1] For clarity and convenience, the parties are identified by their first names. *Page 1