[Cite as *Jardine v. Jardine*, 2018-Ohio-3196.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| SABASTIAN JARDINE | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 27845 |
| | : | |
| v. | : | Trial Court Case No. 2015-DR-443 |
| | : | |
| JEZZETH K. JARDINE | : | (Domestic Relations Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of August, 2018.

. . . . . . . . . . .

H. CHARLES WAGNER, Atty. Reg. No. 0031050, 424 Patterson Road, Dayton, Ohio 45419
     Attorney for Plaintiff-Appellant

JAMES KIRKLAND, Atty. Reg. No. 0009731, 10532 Success Lane, Dayton, Ohio 45458
     Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Sabastian Jardine appeals from the trial court's judgment, which overruled his objection to the magistrate's decision, sustained the motion to terminate shared parenting filed by Jezzeth Jardine, his former wife, and awarded custody of their minor child to her. Sabastian's sole objection was that he did not find out about the motion until after the magistrate had issued the decision, because he never received service of process. We conclude that the trial court at least should have held a hearing on the matter of service. We reverse and remand for further proceedings.

## I. Background

{¶ 2} The parties were divorced on August 19, 2016, and a shared-parenting plan for their minor child was incorporated into the divorce decree. Jezzeth decided to move to Florida. In May 2017, she filed a motion to modify the shared-parenting plan, or alternatively, to terminate the plan and reallocate parental rights and responsibilities.

{¶ 3} In June 2017, a hearing on the motion was held before a magistrate. While Jezzeth was present, Sabastian was not. At the beginning of the hearing, the magistrate noted that Sabastian was not present and asked if anyone had heard from him. Jezzeth told the court that she had not spoken to him about the hearing: "Well, I see him, but I didn't talk to him about a hearing because the fighting and stuff start[s] if I talk to him about it." (Tr. 2). The magistrate proceeded without Sabastian, saying: "Clerk's Web[site] shows that the Plaintiff was served on June 15, 2017. It's now 13 minutes after the appointed time for the hearing, and he has failed to appear so we're going to go forward without his input." (Tr. 3).

{¶ 4} On September 6, 2017, the magistrate entered a decision sustaining the

motion to terminate the shared-parenting plan and awarding legal custody of the child to Jezzeth. The magistrate also allowed Jezzeth to move to Florida with the child and granted Sabastian parenting time. On September 22, the trial court adopted the magistrate's decision. The same day, Sabastian filed a motion for leave to file objections to the magistrate's decision and a motion for a temporary restraining order to prevent Jezzeth from moving the child out of state. The court granted both motions.

{¶ 5} On December 4, 2017, the trial court overruled Sabastian's objection. His sole objection was that he was not given notice of the hearing before the magistrate. Sabastian presented an affidavit that said that for over a year he no longer lived at the address in the instructions for service by the clerk. The court found that the record showed that attempted service by certified mail was returned as unclaimed. But the court also found that on June 15, 2017, "S. Jardine" signed for a FedEx delivery of service at the address. So the trial court found that Sabastian had notice of the hearing. The court also noted that he never informed the court of a change of address, as the Standard Order of Parenting Time, incorporated in the shared-parenting plan, required.

{¶ 6} Sabastian appeals.

## II. Analysis

{¶ 7} The sole assignment of error alleges that the trial court erred by overruling Sabastian's objection.

{¶ 8} Civ.R. 4.1(A)(1)(b) allows the clerk of courts to "make service of any process by a commercial carrier service utilizing any form of delivery requiring a signed receipt." "Valid service of process is presumed when the envelope is received by any person at the defendant's residence; the recipient need not be the defendant or an agent of the

defendant." (Citations omitted.) *LVNV Funding, Inc. v. Burns*, 2d Dist. Clark No. 2013 CA 67, 2014-Ohio-732, ¶ 14. *See also Brownfield v. Krupman*, 10th Dist. Franklin No. 14AP-294, 2015-Ohio-1966, ¶ 16 ("Notably, Civ.R. 4.1(A) does not require that delivery is restricted to the defendant or to a person authorized to receive service of process on the defendant's behalf."). " 'When service is attempted by certified mail, a signed receipt returned to the sender establishes a prima facie case of delivery to the addressee.' " *Brownfield* at ¶ 16, quoting *TCC Mgt., Inc. v. Clapp*, 10th Dist. Franklin No. 05AP-42, 2005-Ohio-4357, ¶ 11. *See also W2 Properties, L.L.C. v. Haboush*, 196 Ohio App.3d 194, 2011-Ohio-4231, ¶ 17 (1st Dist.) ("The presumption of proper service by certified mail applies where the record contains a signed return receipt for the envelope delivered that should have contained the summons and complaint."). "The presumption of proper service may be rebutted by a defendant 'with sufficient evidence of nonservice.' " *LVNV* at ¶ 14, quoting *Griffin v. Braswell*, 187 Ohio App.3d 281, 2010-Ohio-1597, 931 N.E.2d 1131, ¶ 15 (6th Dist.).

{¶ 9} Here, it could be that Civ.R. 4.1(A) was satisfied and a presumption arose that Sabastian was properly served. But Sabastian claims that he did not receive service of process and that the address used was not his residence. His uncontested affidavit supports these claims. He averred in his September 2017 affidavit that he has lived at his current address (not the one where service was sent) "for well over a year." (Affidavit of Sabastian Jardine, ¶ 4). He stated that he did not find out about the magistrate's decision until September 17, 2017, when Jezzeth texted him that she was moving out of the state. (*Id.* at ¶ 7, 8). Sabastian alleged that she "purposely misl[ed]" the trial court as to his current residence. (*Id.* at ¶ 3). She knew where he currently lived, he said in his objection,

because she regularly dropped off their child there. Sabastian's fear was that Jezzeth "will remove the minor child not only from the State of Ohio but most[ ] probably to another country." (*Id.* at ¶ 8). He said that she "was born in the Philippines and was raised in Japan and has indicated that she wished to return to Japan on more than one occasion." (*Id.* at ¶ 5).

{¶ 10} In appeals of a denial of a motion for relief from judgment,[1] we have said that when service is delivered by ordinary mail to an incorrect address, " 'the fact that the service of process has been sent to an incorrect address is strong corroboration of the defendant's otherwise unsupported and obviously self-serving testimony that he did not receive service of process.' " *Ohio Civ. Rights Comm. v. First Am. Properties, Inc.*, 113 Ohio App.3d 233, 238, 680 N.E.2d 725 (2d Dist.1996), quoting *Sec. Natl. Bank & Trust Co. v. Murphy*, 2d Dist. Clark No. 2552, 1989 WL 80954, *2 (July 20, 1989). When service is delivered by certified mail to the correct address and someone at the address accepted the delivery, we have said that "a defendant's affidavit in which he attests that he did not actually receive the process does not necessarily rebut the presumption of valid service." *Id.* at 239. But, we continued, "[t]he trial court must hold a hearing on the matter, and the court may properly deny a motion for relief from judgment on the grounds that it does not find the defendant's testimony credible and that there is insufficient evidence of nonservice. Actual service need not be proved to contradict the affidavit." *Id.*

---

1. Technically, once the 14 days for objections has expired and a trial court has adopted a magistrate's decision, the trial court does not have authority to permit the filing of late objections. *Thompson v. Thompson,* 2d Dist., Montgomery No. 27394, 2017-Ohio-8192, ¶ 9. However the court did have the authority to treat Sabastian's filings as a motion for relief from judgment based on lack of service and to rule thereon, which we conclude the trial court should have and did.

**{¶ 11}** Here, Sabastian's affidavit is uncontradicted. Indeed, there does not appear to be any dispute that he was living somewhere else at the time of service. So we see no basis for the trial court to have disbelieved his claim that he did not receive service of process. The court noted that service was previously attempted at the old address via certified mail and was returned as unclaimed. Our review of the record shows several unsuccessful attempts at service at the old address. And although Sabastian's affidavit did not specifically state he was not served at the old address, he did say in his objections that he knew nothing about Jezzeth's motion until after it was already decided, and in his appellate brief he says that it was not he who signed for the FedEx delivery. An image of the signature is in the record (Doc. #81), and as Sabastian points out, the signature looks nothing like his signature that is found on several filings in the record. In our review of the Fedex return filing in the record, the recipient's signature is illegible. There is no indication why "S JARDINE" was typewritten in the space after "Signed for by:" or by whom.  In other filings, Sabastian's signature appears on the Affidavit of Child Custody (Doc. #1), the Affidavit of Financial Disclosure (Doc. #2), the Complaint for Divorce (Doc. #4), the Application for Child Support Services (Doc. # 7), an Agreed Order from a magistrate's hearing (Doc. #44), the Final Judgment Entry and Decree of Divorce (Doc. #53), the Shared Parenting Decree (Doc. #59), and the Affidavit filed by Sabastian in support of the objections (Doc. #95). Each of those other signatures is consistent with each other, but they are all remarkably different from the signature on the Fedex return purporting to be adequate service.

**{¶ 12}** Jezzeth did not respond to Sabastian's objection in the trial court. But in Appellee's brief, her current counsel acknowledges that Jezzeth knew where Sabastian

now lived. "The Appellee informed her then counsel,* * *, of where to serve the Appellant. Specifically, Appellee informed counsel that service was to be performed at Appellant's residence of 1308 Hanes Road, Beavercreek, Ohio 45434. * * *Appellee had no idea that counsel was attempting to serve Appellant *at an outdated address.*" (Emphasis added). (Appellee's Brief at p. 4). Nevertheless, Appellee argues that the docket reflects service was performed at the old address.

{¶ 13} We note Jezzeth filed her motion to modify or terminate shared parenting in May 2017, and Sabastian says he did not find out about it until the following September. Yet it appears from the record that they saw each other regularly in the intervening time, when Jezzeth dropped off the child. We question, as alleged by Sabastian, whether Jezzeth never mentioned the pending motion during all that time to gain an advantage in the trial court. But these are not things for us to decide. Given Sabastian's claims and the evidence in this case, we think that, at the very least, the trial court should have held an evidentiary hearing on whether Sabastian received service of process.

{¶ 14} Finally, while Sabastian might possibly have avoided this problem by notifying the assignment commissioner of the trial court of his address change as stated in the Standard Order of Parenting time, that he did not is irrelevant to the question of service. In the context of support payments, we have noted that courts typically order the parties to notify the court of any address changes. *In re Alexander-Segar*, 2d Dist. Montgomery No. 22080, 2008-Ohio-1580, ¶ 13. But "any failure to do that," we have said, "cannot justify ineffective service of process when the court's continuing jurisdiction is invoked, because those service requirements are rooted in a defending party's constitutional due process right to notice and an opportunity to be heard." *Id*. We think

that this rule also applies despite an order in a shared-parenting plan that parties notify the court of any address change, most particularly when the serving party admits knowledge of the respondent's current residence address. Consequently, Sabastian's failure to notify the trial court of his change of address could not be used as a basis to overrule his objection.

{¶ 15} The sole assignment of error is sustained.

### III. Conclusion

{¶ 16} The trial court's judgment is reversed. This matter is remanded for further proceedings.

. . . . . . . . . . . .

WELBAUM, P. J., and DONOVAN, J., concur.

Copies mailed to:

H. Charles Wagner
James Kirkland
Hon. Denise L. Cross