DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Toledo Municipal Court which denied the motion of defendant-appellant, James Clevenger, for relief from a default judgment. Clevenger's appeal now challenges that judgment through the following assignments of error:
 {¶ 2} "A. The trial court erred in refusing to vacate a void judgment where the judgment debtor was never served with summons and complaint.
 {¶ 3} "B. The trial court erred in refusing to grant relief from judgment where the judgment debtor was never served with summons and complaint and where judgment debtor never owed plaintiff any money."
 {¶ 4} On August 9, 2002, plaintiff-appellee, Cavalry Investments, LLC, Buyer of FirstUSA Claim, filed a complaint against Clevenger in the court below to collect a debt of $10,131.39 which appellee alleged Clevenger owed on an account. The complaint listed Clevenger's address as 5856 Rolland Drive, Toledo, Ohio 43612. The clerk of the Toledo Municipal Court attempted service of the summons and complaint on Clevenger through certified mail. The certified mail was returned on August 29, 2002, with no remarks. Appellee then sought further service on appellee through certified mail. Again appellee listed Clevenger's address as 5856 Rolland Drive, Toledo, Ohio 43612. On November 18, 2002, that certified mail was returned as "unclaimed."
 {¶ 5} On January 27, 2003, appellee filed a motion for default judgment. On January 28, 2003, the lower court denied the motion for default judgment after finding that service had not been made on Clevenger. Thereafter, appellee requested service by ordinary mail. On March 12, 2003, the clerk issued service of the summons and complaint by ordinary mail, The summons and complaint were mailed to Clevenger at the same address listed above. The mailing was not returned by the postal authorities indicating a failure of delivery. Clevenger did not file an answer to the complaint, and on April 30, 2003, appellee filed a motion for default judgment. Along with the motion, appellee filed the affidavit of Gregory Caponetto, the credit manager of Cavalry Investments, who stated that the books and records of appellee revealed charges made by Clevenger and that the amount then due and owing was $10,131.39, pursuant to the contract or promissory note with Clevenger. On May 8, 2003, the lower court entered a default judgment entry, finding that Clevenger had failed to plead or otherwise defend within 28 days of being duly served with the summons on March 18, 2003, and granting appellee a judgment against Clevenger of $10,131.39.
 {¶ 6} No further action occurred in the lower court until October 21, 2004, when appellee filed a motion for a proceeding in aid of execution. Appellee requested a judgment debtor exam and requested that Clevenger be served with the order by personal or residence service. Appellee again listed Clevenger's address as 5856 Rolland Drive. The lower court issued the order and on November 17, 2004, personal service was perfected on Clevenger.
 {¶ 7} On December 1, 2004, Clevenger filed a motion for relief from judgment. Clevenger asserted that the judgment against him was void because he was never served with the summons and complaint. He further sought relief under Civ.R. 60(B)(5). Clevenger supported his motion with his own affidavit in which he asserted that he has never borrowed money from Cavalry or FirstUSA; never had a credit card issued by either entity; does not owe money to either entity; never received notice from appellee or the court that appellee had sued him; first learned of the lawsuit when he was served with an order for appearance and examination of judgment debtor, which he stated he received in November 2004; and that if he had received notice of the suit he would have appeared in court to dispute the charges. Appellee filed a memorandum in opposition to Clevenger's motion, and on February 22, 2005, the lower court entered a judgment denying the motion for relief from judgment as "untimely."
 {¶ 8} Appellant's assignments of error are interrelated and will be discussed together. Appellant asserts that the lower court should have granted him relief from judgment because the judgment against him was void for failure of service. In the alternative, appellant asserts that he had an excuse for not appearing in the proceedings below, namely that he had never been served with the summons and complaint, and, therefore, the court should have granted him relief under Civ.R. 60(B)(5).
 {¶ 9} Although Clevenger asserts that the judgment against him was both void ab initio and voidable under Civ.R. 60(B)(5), his sole argument under both assertions is that he was never properly served with the complaint. Where service of process is not properly made pursuant to Civ.R. 4 et seq., the court lacks jurisdiction to consider the complaint and any judgment on that complaint is void ab initio. Kurtz v. Kurtz (1991),71 Ohio App.3d 176, 182 (Citations omitted.) Because a court has the inherent authority to vacate a void judgment, a party who asserts that the trial court lacks personal jurisdiction over him due to a faulty service of process does not need to satisfy the requirements of Civ.R. 60(B). Doolin v. Doolin (1997),123 Ohio App.3d 296, 300; United Home Fed. v. Rhonehouse (1991),76 Ohio App.3d 115, 123. Rather, the following standard is appropriate in such cases.
 {¶ 10} Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond. Regional AirportAuthority v. Swinehart (1980), 62 Ohio St.2d 403, 406, quotingMullane v. Central Hanover Bank Trust Co. (1950),339 U.S. 306, 314. The plaintiff in a case bears the burden of achieving proper service on a defendant. Cincinnati Ins. Co. v. Emge
(1997), 124 Ohio App.3d 61, 63. In those instances where the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice.
 {¶ 11} Civ.R. 4.6(D) provides that if certified mail is returned with an endorsement showing that the envelope was "unclaimed," the serving party can request that the complaint be served by ordinary mail service. Under that scenario, service is deemed complete "when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery." Civ.R. 4.6(D). In the proceedings below, appellee's second attempt to serve Clevenger by certified mail was returned to the court marked "unclaimed" on November 18, 2002. Consistent with the Civil Rules, appellee then sought service by ordinary mail. The clerk then served Clevenger by ordinary mail and the proof of mailing was entered on the record on March 12, 2003. That mailing was not returned by the postal authorities with an endorsement showing failure of delivery. Pursuant to Civ.R. 4.6(D), service of the summons and complaint on Clevenger is therefore deemed complete as of that day.
 {¶ 12} Clevenger asserts, however, that because he submitted an uncontroverted affidavit attesting to the fact that he never received the summons and complaint, he rebutted the presumption of service and the court should have granted his motion to vacate.
 {¶ 13} Some courts in Ohio have held that the uncontroverted affidavit of a party that he was not served with process is sufficient evidence to find a default judgment void ab initio.Rafalski v. Oates (1984), 17 Ohio App.3d 65; Rogers v. UnitedPresidential Life Ins. Co. (1987), 36 Ohio App.3d 126, 129; andLin v. Reid (1983), 11 Ohio App.3d 232, 235. Other courts, including this court, have found that before finding a default judgment void ab initio, the trial court must determine whether sufficient competent, credible evidence of nonservice exists. In some cases, the uncontroverted affidavit along with other matters in the record will be enough for the trial court to assess the credibility of the affiant. See United Home Fed., supra at 125. In other situations, more information is needed. See ChristyL.W. v. Chazarea E.S., 6th Dist. No. OT-02-019, 2003-Ohio-483 (case remanded for hearing to assess competency and credibility of evidence where affiant's mental condition at issue.) Under either scenario, if the court finds insufficient evidence of nonservice, the default judgment must be found to be valid.United Home Fed., supra at 124.
 {¶ 14} In the case before us, the trial court summarily denied appellant's motion for relief from judgment as "untimely." The term "untimely" clearly refers to the standards for reviewing a motion to vacate under Civ.R. 60(B). As discussed above, the standards for ruling on a Civ.R. 60(B) motion do not apply to cases in which the defendant alleges that the judgment was void for failure of service. Rather, in such cases, the trial court must determine whether the defendant has presented sufficient evidence of nonservice. If the defendant has, the default judgment is void ab initio. If the defendant has not, the default judgment must be found to be valid. We therefore find that this case must be remanded to the trial court for further proceedings through which the court will determine whether Clevenger rebutted the presumption of service with sufficient evidence of nonservice. The assignments of error are well-taken in part.
 {¶ 15} On consideration whereof, the court finds that substantial justice has not been done the party complaining and the judgment of the Toledo Municipal Court is reversed. This case is remanded to that court for further proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, Pietrykowski and Parish, J., concur.