GRIFFIN, Appellee,

v.

BRASWELL, Appellant.

[Cite as *Griffin v. Braswell,* 187 Ohio App.3d 281, 2010-Ohio-1597.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–09–1261.

Decided April 9, 2010.

282

Joseph B. Clarke, for appellee.

Norman A. Abood, for appellant.

HANDWORK, Judge.

{¶ 1} In this accelerated appeal from a judgment of the Lucas County Court of Common Pleas, appellant, Corvez L. Braswell Jr., asserts the following assignments of error:

{¶ 2} "1. The trial court erred in finding that Mr. Braswell failed to successfully rebut a presumption of valid service by ordinary mail and thus the trial court incorrectly refused to vacate plaintiff's default judgment.

{¶ 3} "2. The trial court incorrectly denied Mr. Braswell's motion to vacate the default judgment pursuant to Ohio Civ.R. 60(B)."

{¶ 4} On April 13, 2009, appellee, Barbara Griffin, filed a complaint in the lower court seeking damages in the amount of $52,482.16, plus costs, interest, and punitive damages, from appellant, Corvez L. Braswell Jr. According to appellee, she and appellant, as co-tenants, had owned property at 718 Oakwood Avenue in Toledo, Lucas County, Ohio, since 2003. In her complaint, she maintained that a fire destroyed the residence on the Oakwood property in September 2008 and that "the insurance company" settled the claim on that property for $95,124.35. Appellee asserted that GMAC Mortgage ("GMAC") was paid $42,642.19 to satisfy her mortgage on the residence, and the remaining balance of $52,482.16 was paid out to appellee only.

{¶ 5} Appellee asserted that on February 2, 2009, she signed the check for the balance of the insurance monies over to appellant "with the assurance that he would pay her from his own account." According to Griffin, appellant gave her a check for only $2,000, which he later "dishonored." He then ceased all communication with her. She requested an award of damages in the amount of $52,482.16, $25,000 in punitive damages, interest, attorney fees, and court costs. Griffin asked for service of her complaint by certified mail to "534 Bronson Av., Toledo, OH 43608," and requested a return receipt.

{¶ 6} Although the record contains a notice of service requiring appellant to respond within 28 days from April 14, 2009, the complaint was returned as unclaimed on May 5, 2009. Therefore, on May 15, 2009, appellee requested ordinary mail service. The complaint was then mailed to 534 Bronson Avenue by the clerk of the Lucas County Court of Common Pleas on May 20, 2009. Appellant did not respond to appellee's complaint within 28 days; therefore, on June 22, 2009, appellee filed a motion for a default judgment. The trial court granted that motion on July 8, 2009.

{¶ 7} On August 12, 2009, appellant filed a motion to vacate the default judgment pursuant to Civ.R. 60(B) or as being void ab initio under Civ.R. 4.6. In an attached affidavit, appellant averred that the facts set forth in the motion were true. According to Braswell, he and Griffin had lived together at 718 Oakwood Avenue for a number of years. This property was, however, owned solely by appellant. In order to renovate the property and to aid Griffin in eliminating some of the debt she owed, appellant mortgaged the Oakwood Avenue property with GMAC so that she could draw on those funds to pay her debts. The GMAC loan was in Griffin's name, but appellant insisted that he was the party who made the payments on the mortgage. Appellant insured the property with Allstate Indemnity Company ("Allstate"). The insurance policy, numbered as 9–26–988246/11, was issued in Braswell's name only.

{¶ 8} Braswell averred that his relationship with Griffin ended in "approximately 2006," and he retained possession of and control over the Oakwood property. On September 4, 2008, however, a fire broke out at that property. Allstate processed appellant's claim in his name only. On January 7, 2009, Braswell received a settlement from Allstate in the amount of $110,068.84. Of this amount, $14,675.85 was made payable to the city of Toledo for nuisance abatement with regard to the Oakwood property. The remaining $95,392.99 was made payable to "Mickel and Huffman and Corvez Braswell and GMAC Mortgage LLC." The check number issued by Allstate was 54924037.

{¶ 9} According to appellant, he and his attorney, Kenneth Mickel, endorsed the check and sent it to GMAC with instructions to pay off the mortgage and issue a check made payable to "Mickel & Huffman and Corvez Braswell." After subtracting the amount owed on the mortgage, GMAC subsequently issued a check in the amount of $52,482.16 to Barbara L. Griffin. Nonetheless, in February 2009, the check was mailed to 534 Bronson Avenue, the residence where Braswell was living with his girlfriend, Erica Powell. At that point, appellant claimed that he went to Griffin and asked her to sign the check so he could deposit it in his account. She agreed to sign the check if he gave her $2,000. Appellant asserted that he gave appellee the $2,000, and she then endorsed the check so that he could deposit the remainder of the monies in his

bank account. A document signed by "Barbara L. Griffin," in which she agrees to release any funds remaining after the mortgage is paid to appellant, is also attached to appellant's Civ.R. 60(B) motion.

{¶ 10} In his motion/affidavit, appellant swore that Griffin then demanded that he give her more money. When he refused, appellee contacted his bank, asking that a hold be put on the $52,482.16. She also contacted the police. After an investigation, both the police and the bank concluded that Griffin's claims were "unfounded."

{¶ 11} In March 2009, appellant "broke up" with Powell and moved out of the Bronson Avenue residence. He then moved in with his mother at 2861 North Detroit Avenue in Toledo, Ohio. Braswell did not take possession of the property at 534 Bronson until his former girlfriend vacated the premises in "late July 2009." Appellant swore that it was only then that he received his mail, which included appellant's complaint.

{¶ 12} In opposition to appellant's motion to vacate the default judgment, appellee urged that appellant failed to offer any evidence, absent his self-serving affidavit, to rebut the presumption that he had received the complaint in this case. In response, appellant filed the affidavit of Powell, who swore that Braswell did not reside at 534 Bronson in May or June 2009. Powell also averred that she did not deliver the mail that was received during those two months to appellant until late July 2009.

{¶ 13} On September 10, 2009, the trial court denied appellant's motion to vacate the default judgment, finding that he had failed to rebut the presumption of valid service by ordinary mail, and/or that he had failed to satisfy the strictures of Civ.R. 60(B).

{¶ 14} In his first assignment of error, appellant contends that the trial court erred in finding that he had failed to rebut the presumption of valid service of the summons and complaint by ordinary mail.

{¶ 15} Service of process is required to notify any interested parties of the pendency of an action and to afford them an opportunity to respond. *Akron–Canton Regional Airport Auth. v. Swinehart* (1980), 62 Ohio St.2d 403, 406, 16 O.O.3d 436, 406 N.E.2d 811, quoting *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865. It is the plaintiff's duty to accomplish proper service on a defendant. *Cincinnati Ins. Co. v. Emge* (1997), 124 Ohio App.3d 61, 63, 705 N.E.2d 408. If a plaintiff follows the civil rules in a given case, it is presumed that "service was proper unless the defendant rebuts this presumption with sufficient evidence of nonservice." *Calvary Invest., L.L.C. v. Clevenger*, 6th Dist. No. L–05–1103, 2005-Ohio-7003, 2005 WL 3557391, ¶ 10. When service of process is not properly made pursuant to Civ.R. 4 et seq., a trial

court lacks the jurisdiction to consider the complaint, and its judgment with regard to that complaint is void ab initio. See *Kurtz v. Kurtz* (1991), 71 Ohio App.3d 176, 182, 593 N.E.2d 322; *Christy L.W. v. Chazarea E.S.*, 6th Dist. No. OT–02–019, 2003-Ohio-483, 2003 WL 220419, ¶ 10.

{¶ 16} In the case before us, appellant was first served by certified mail at 534 Bronson Avenue, but the summons and complaint were returned to the Clerk of the Lucas County Court of Common Pleas marked "unclaimed." Pursuant to Civ.R. 4.6, Griffin then filed a written request with the clerk, asking that the summons and complaint be served by ordinary mail. Under Civ.R. 4.6(D), service was thereby deemed complete unless the mail was returned by the post office "with an endorsement showing failure of delivery." Here, the mail was not returned to the postal service with the requisite endorsement; thus, it could properly be presumed that service of the summons and complaint to Braswell was complete.

{¶ 17} Nevertheless, appellant filed both his sworn statement and the sworn statement of his girlfriend that he had never received the summons and complaint. Some courts in Ohio have held that the uncontroverted affidavit of a party that he was not served with process is sufficient evidence to find a default judgment void ab initio. *Rafalski v. Oates* (1984), 17 Ohio App.3d 65, 67, 17 OBR 120, 477 N.E.2d 1212; *Lin v. Reid* (1983), 11 Ohio App.3d 232, 235, 11 OBR 356, 464 N.E.2d 189. Other courts, including this court, have found that before finding a default judgment void ab initio, the trial court must determine whether sufficient competent, credible evidence of nonservice exists. *United Home Fed. v. Rhonehouse* (1991), 76 Ohio App.3d 115, 125, 601 N.E.2d 138; *Calvary Invest., L.L.C.*, 2005-Ohio-7003, 2005 WL 3557391, at ¶ 13. This court has also concluded that the uncontroverted sworn statement of a defendant and other matters in the record are enough for the trial court to assess the credibility of the evidence offered to rebut the presumption of service. *United Home Fed.*; *Calvary Invest., L.L.C.* Here, the trial court had sufficient, competent evidence in the form of appellant's and Powell's affidavits as to the reason for appellant's failure to receive the summons and complaint. It apparently found that this evidence, that is, appellant's averment that he did not receive his mail from Powell until late July 2009, was not credible. We disagree, and we find that the trial court abused its discretion in denying appellant's motion for relief from judgment. Accordingly, appellant's first assignment of error is found well taken.

{¶ 18} In his second assignment of error, appellant complains that the trial court erred in failing to grant his Civ.R. 60(B) motion to vacate the default judgment. As set forth infra, the failure of service of process renders a trial court's judgment void—not voidable. Therefore, the trial court was not required to address and decide appellant's Civ.R. 60(B) motion to vacate. *Doolin v.*

*Doolin* (1997), 123 Ohio App.3d 296, 300, 704 N.E.2d 51; *United Home Fed.* at 123, 601 N.E.2d 138. For this reason, appellant's second assignment of error is found not well taken.

{¶ 19} The judgment of the Lucas County Court of Common Pleas is reversed, and this cause is remanded to the trial court for further proceedings consistent with this judgment. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24(A).

Judgment reversed
and cause remanded.

OSOWIK, P.J., and PIETRYKOWSKI, J., concur.