[Cite as *LVNV Funding, Inc. v. Burns*, 2014-Ohio-732.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

LVNV FUNDING, LLC                                   :

      Plaintiff-Appellee                         :                    C.A. CASE NO.     2013 CA 67

v.                                                                :                    T.C. NO.     CV804787

RONALD BURNS                                        :                    (Civil appeal from
                                                      Municipal Court)

      Defendant-Appellant                       :

                                                                     :

. . . . . . . . . .

**O P I N I O N**

Rendered on the _____28th_____ day of _____February_____, 2014.

. . . . . . . . . .

RANDY SLOVIN, Atty. Reg. No. 0037536, 8150 Corporate Park Drive, Suite 350, Cincinnati, Ohio 45242
      Attorney for Plaintiff-Appellee

THOMAS H. HAHN, Atty. Reg. No. 0086858, P. O. Box 341688, Beavercreek, Ohio 45432
      Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

      **{¶ 1}** Ronald Burns appeals from a judgment of the Clark County Municipal Court, which denied his motion for relief from judgment.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

{¶ 3} In October 2008, LVNV Funding L.L.C. ("LVNV") filed a complaint against Burns, alleging that Burns owed $5,737.77 on an account that had been assigned to LVNV by Providian National Bank. The complaint was served on Burns by certified mail delivered to Burns's daughter's address at 3172 El Camino Drive, Springfield, Ohio 45503. Burns's daughter, Juliana, signed the return receipt. Burns did not respond to the complaint.

{¶ 4} In April 2009, LVNV filed a motion for default judgment, pursuant to Civ.R. 55(A), and the motion was granted.

{¶ 5} In February 2012, LVNV sought to garnish Burns's bank accounts and other assets. The court issued an Order and Notice of Garnishment for $6,870.45, representing the $5,737.77 judgment, plus interest and court costs. The garnishment was executed on bank accounts in Burns's name in Texas.

{¶ 6} Burns responded to the court's garnishment of his bank accounts via an email to his daughter, which was filed with the court; the email stated that Burns was in the Philippines and was "stuck" there due to the garnishment of his Texas bank accounts. In the email, Burns also asserted that all of the funds in his bank accounts were attributable to "electronically deposited federal benefits" which are not subject to garnishment. He further stated:

> * * * I have never received anything regarding any Judgment trial. This
> came as a total surprise. * * * I am from Texas and I have been living in
> Texas s[i]nce 2008. My mail goes to my daughter[']s house in Springfield

Ohio, [a]s it takes four weeks for mail to get to me here.[1] Her address in Springfield is [ ] Juliana Burns 3172 El Camino Dr. Springfield Ohio 45503.

* * *

{¶ 7} The court immediately scheduled a hearing on the garnishment. Acting pro se, Burns requested a continuance; the letter requesting the continuance listed Burns's address as being in Ranger, Texas, but he asked the court to send mail to his daughter's house in Springfield, Ohio, listing Juliana Burns's address on El Camino Drive.

{¶ 8} A garnishment hearing was held on May 2, 2013, and an attorney represented Burns at that hearing. On May 7, the court found that the funds in two of Burns's accounts were exempt from garnishment because federal benefits were the source of those funds. The court ordered that the garnished funds be returned to those accounts.

{¶ 9} On May 20, 2013, Burns filed a motion for leave to file a motion for relief from judgment. The court granted permission for Burns to file such a motion. Burns filed a Motion for Relief from Judgment on May 22, 2012, arguing that the default judgment was void because he had not been properly served. A hearing was held on June 20, 2012.

{¶ 10} In his motion and at the hearing, Burns asserted that he moved to Texas in 2008 and was not living in Ohio when the complaint was filed. He acknowledged that his daughter had lived at the address that was used for service for 14 years and that she had "signed for service but did not provide the process to Defendant;" he asserted that he had not been properly served and should be granted relief from the default judgment. Burns presented several bills and pieces of mail to establish that he lived in Texas as early as June

---

[1] Burns listed an address in the Philippines on the email.

2008.

{¶ 11} On July 12, 2013, the trial court denied Burns's motion for relief from judgment. The trial court's judgment did not state its reasons for reaching this conclusion.

{¶ 12} Burns appeals from the trial court's judgment, raising one assignment of error in which he asserts that the trial court erred when it denied his motion for relief from judgment.

{¶ 13} Civ.R. 60(B) permits trial courts to relieve parties from a final judgment for the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged; or (5) any other reason justifying relief from the judgment. A judgment may be voidable pursuant to Civ.R. 60(B)(1) for excusable neglect in failing to respond if a defendant lacked actual notice of the action. *See Lawrence v. Primetime Agrimarketing Network, Inc.*, 5th Dist. Muskingum No. 2007-0057, 2008-Ohio-2552, ¶13; *Portfolio v. Recovery Assoc. L.L.C. v. Thacker*, 2d Dist. Clark No. 2008 CA 119, 2009-Ohio-4406, ¶ 58 (Grady, J., concurring). However, a Civ.R. 60(B) motion is not necessary when a court renders a judgment without proper service of the summons, because, under those circumstances, the court lacks personal jurisdiction, and its judgment is void. *See State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990); *Midland Funding L.L.C. v. Dixon*, 2d Dist. Greene No. 2013-CA-27, 2013-Ohio-5052, ¶ 8.

{¶ 14} Service is perfected by certified mail when it is sent to an address that is reasonably calculated to cause service to reach the defendant. *Akron-Canton Regional*

*Airport Auth. v. Swinehart*, 62 Ohio St.2d 403, 407, 406 N.E.2d 811 (1980); Civ.R. 4.1(A). Valid service of process is presumed when the envelope is received by any person at the defendant's residence; the recipient need not be the defendant or an agent of the defendant. *Castellano v. Kosydar*, 42 Ohio St.2d 107, 110, 326 N.E.2d 686 (1975); *Ohio Civ. Rights Comm. v. First Am. Properties, Inc.*, 113 Ohio App.3d 233, 237, 680 N.E.2d 725 (2d Dist.1996). The presumption of proper service may be rebutted by a defendant "with sufficient evidence of nonservice." *Griffin v. Braswell*, 187 Ohio App.3d 281, 2010-Ohio-1597, 931 N.E.2d 1131, ¶ 15 (6th Dist.).

{¶ 15} Based on the record and the evidence presented, the court could have reasonably concluded that Burns had been properly served at the El Camino Drive address. Burns admitted that, when the complaint was delivered to his daughter's address by certified mail, his daughter signed for it. He did not deny that he had used this address in the past or that his daughter knew where he was and, during the course of Burns's efforts to have the default judgment vacated, he repeatedly instructed the court to "send mail to [his] daughter's house" in Springfield. The trial court could have reasonably concluded that certified mail service to the daughter's Springfield address was reasonably calculated to reach Burns and that proper service had been perfected at that address.

{¶ 16} Additionally, where personal jurisdiction exists, in order to prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate, among other things, that he has a meritorious defense or claim to present if relief is granted. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Burns did not present any evidence that he had a meritorious defense to LVNV's

claim that he owed it $5,737.77. Assuming the trial court had jurisdiction over the matter, it could have reasonably concluded that Civ.R. 60(B) relief from judgment was not appropriate because Burns had not argued, let alone demonstrated, that he had a meritorious defense to present.

{¶ 17} The assignment of error is overruled.

{¶ 18} The judgment of the trial court will be affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Randy Slovin
Thomas H. Hahn
Hon. Eugene S. Nevius