[Cite as *Capital One Bank, N.A. v. Coleman*, 2019-Ohio-3700.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Capital One Bank (USA), N.A.

      Appellee

v.

Desiree L. Coleman

      Appellant

Court of Appeals No. L-18-1173

Trial Court No. CVF-17-16020

**DECISION AND JUDGMENT**

Decided:   September 13, 2019

* * * * *

Jackson T. Moyer and Thomas R. Myers, for appellee.

Desiree L. Coleman, pro se.

* * * * *

**PIETRYKOWSKI, J.**

**{¶ 1}** Appellant, Desiree Coleman, appeals the judgment of the Toledo Municipal Court, which awarded $2,435.93 to appellee, Capital One Bank, for appellant's failure to pay her credit card bill. For the reasons that follow, we reverse.

## I. Facts and Procedural Background

{¶ 2} On October 11, 2017, appellee filed a complaint in the Toledo Municipal Court alleging that appellant had failed in her obligation to pay the balance of $2,435.93 owed on her credit card account. Attached to the complaint was a copy of appellant's credit card statement from the July 2016 billing cycle, indicating that the $2,435.93 balance at that time was past due.

{¶ 3} Service was attempted by certified mail to appellant's address listed on the credit card statement, which was on West Village Dr. The certified mail was returned with a label stating "Unclaimed. Unable to Forward." However, a handwritten notation on the return receipt provided a different delivery address located on Wenz Rd.

{¶ 4} Thereafter, appellee again attempted service by certified mail to the West Village Dr. address. As before, the certified mail was returned with a label stating "Unclaimed. Unable to Forward." This time, affixed to the return receipt was a label notifying the sender of a new address, and providing appellant's address on Wenz Rd.

{¶ 5} Appellee then directed the clerk to serve appellant by ordinary mail at the West Village Dr. address. That mail was not returned.

{¶ 6} On June 11, 2018, appellee moved for default judgment. The trial court granted appellee's motion on June 28, 2018, and awarded judgment to appellee in the amount of $2,435.93.

## II. Assignments of Error

{¶ 7} Appellant has appealed the trial court's June 28, 2018 judgment, and now assigns four errors for our review:

2.

1. Trial court erred when it ruled it had jurisdiction to rule against appellant.

2. Trial court erred when it granted default judgment in favor of the appellee despite the fact that the appellant was never notified of the claim.

3. Trial court erred when it granted default judgment in favor of appellee despite the fact that there was no proof of consideration.

4. Trial court erred when it granted default judgment in favor of appellee despite the fact that there was never any agreement submitted.

### III. Analysis

{¶ 8} In her first assignment of error, appellant argues that the trial court lacked subject matter jurisdiction pursuant to R.C. 1925.02(A)(2)(a)(ii), which provides, in relevant part, that "A small claims division does not have jurisdiction in * * * (ii) Actions on any claim brought by an assignee or agent." However, the docket does not reflect that the action was filed in the small claims division. Thus, R.C. 1925.02(A)(2)(a)(ii) is inapplicable. *Midland Funding LLC v. Coleman*, 6th Dist. Lucas No. L-18-1095, 2019-Ohio-432, ¶ 11. Furthermore, R.C. 1925.02(A)(2)(a)(ii) does not apply because appellee is the original lender, not an assignee.

{¶ 9} Accordingly, appellant's first assignment of error is without merit, and is not well-taken.

{¶ 10} In her second assignment of error, appellant argues that the trial court erred in granting default judgment because she never received notice of the complaint.

3.

Appellee counters that it properly followed the civil rules regarding service, and that appellant has not filed an affidavit or provided any evidence to rebut the presumption of proper service.

{¶ 11} "Service of process is required to notify any interested parties of the pendency of an action and to afford them an opportunity to respond." *Griffin v. Braswell*, 187 Ohio App.3d 281, 2010-Ohio-1597, 931 N.E.2d 1131, ¶ 15 (6th Dist.). "It is the plaintiff's duty to accomplish proper service on a defendant." *Id.* "If a plaintiff follows the civil rules in a given case, it is presumed that 'service was proper unless the defendant rebuts the presumption with sufficient evidence of nonservice.'" *Id.*, quoting *Calvary Invests., L.L.C. v. Clevenger*, 6th Dist. Lucas No. L-05-1103, 2005-Ohio-7003, ¶ 10. "When service of process is not properly made pursuant to Civ.R. 4 et seq., a trial court lacks the jurisdiction to consider the complaint, and its judgment with regard to that complaint is void ab initio." *Id.*

{¶ 12} "Due process requires that service of process be accomplished in a manner 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action' and to give them an opportunity to appear." *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 123, 601 N.E.2d 138 (6th Dist.1991), quoting *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290, 293, 421 N.E.2d 522 (1981). "Service need not be made to the party's actual address so long as it is made to an address where there is a reasonable expectation that service will be delivered to the party. *Id.* at 124, citing *Grant v. Ivy*, 69 Ohio App.2d 40, 42, 429 N.E.2d 1188 (10th Dist.1980). Based

4.

upon the facts of this case, we hold that ordinary mail service to the West Village Dr. address was not reasonably calculated to apprise appellant of the pendency of the action.

{¶ 13} In *Grant v. Ivy*, the Tenth District explained:

> While ordinary mail service following unsuccessful certified mail service is sufficient to vest jurisdiction in the court pursuant to Civ.R. 4.6(D) where the ordinary mail envelope is not returned indicating failure of delivery, there is an exception to this general rule. In other words, there is a presumption of proper service under such circumstances, but such presumption is rebuttable by sufficient evidence. To be valid service, the ordinary mail service following an unsuccessful attempt at certified mail service must have been sent to the address of the defendant or at least an address where there is a reasonable expectation that it will be delivered to the defendant. Although Civ.R. 4.1. and 4.6 require the clerk to send the ordinary or certified mail envelope addressed to the defendant at the address set forth in the caption of the complaint or set forth by special instructions given in writing to the clerk, plaintiff must use, in such caption or instructions, an address for defendant at which it could reasonably be expected [she] would receive mail addressed to [her].

*Grant* at 42-43.

{¶ 14} Here, while the initial attempt at service by certified mail was unsuccessful, it was nonetheless reasonable to expect that appellant would receive the mail as it was sent to her address listed on her credit card statement. However, once the certified mail

5.

was returned with the post office providing a different address for appellant, and certainly after the second certified mail attempt when the post office attached a label notifying the sender of appellant's new address, it was unreasonable to expect that ordinary mail sent to the former address would be received by appellant. Therefore, we hold that appellant was not properly served with the complaint, and thus the trial court lacked jurisdiction to enter a default judgment against her.

{¶ 15} Accordingly, appellant's second assignment of error is well-taken.

{¶ 16} As a result of our holding above, appellant's third and fourth assignments of error, which challenge the merits of the judgment against her, are not well-taken as moot.

## IV. Conclusion

{¶ 17} For the foregoing reasons, we find that substantial justice has not been done the party complaining, and the judgment of the Toledo Municipal Court is reversed and vacated. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.         _____
                                                      JUDGE

Thomas J. Osowik, J.

Gene A. Zmuda, J.
CONCUR.

                                                     JUDGE

                                                     JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.