[Cite as *U.S. Bank Trust NA Natl. Assn. v. Sarver*, 2024-Ohio-1303.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| US BANK TRUST NA NATIONAL ASSOC. | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | Case No. 2023 CA 00112 |
| | : | |
| GARY D. SARVER, ET AL. | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Case No. 2022 CV 01187 |
| JUDGMENT: | AFFIRMED |
| DATE OF JUDGMENT ENTRY: | April 4, 2024 |

APPEARANCES:

For Plaintiff-Appellee:

BRIAN E. CHAPMAN
3962 Red Bank Road
Cincinnati, OH 45227

For Defendant-Appellant:

KIMBERLY ANN CHAPMAN, PRO SE
7209 Grovedell St. SE
Waynesburg, OH 44688-4961

*Delaney, P.J.*

{¶1} Defendant-Appellant Kimberly A. Sarver aka Kimberly A. Chapman appeals the August 4, 2023 judgment entry and decree of foreclosure issued by the Stark County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

**Note and Mortgage**

{¶2} On July 25, 2007, Defendant Gary D. Sarver executed a Promissory Note in favor of Homeland Capital Mortgage. Gary Sarver secured the Promissory Note with a mortgage on real estate located in Waynesburg, Stark County, Ohio. On January 24, 2018, Gary D. Sarver and Defendant-Appellant Kimberly A. Sarver aka Kimberly A. Chapman (hereinafter "Chapman") executed a Loan Modification Agreement, securing the loan modification with a mortgage on the Waynesburg real estate. Through multiple assignments, the mortgage holder in 2021 was Plaintiff-Appellee U.S. Bank Trust National Association, owner trustee for RCF 2 Acquisition Trust.

{¶3} The parties were divorced on June 30, 2015 in Stark County Court of Common Pleas, Family Division, Case No. 2015DR00396. On March 18, 2016, Chapman changed her name from Kimberly A. Sarver to Kimberly A. Chapman in Stark County Probate Court Case No. 225717.

{¶4} On April 22, 2021, U.S. Bank sent a Notice of Default and Intent to Accelerate addressed to Gary D. Sarver at the Waynesburg real estate mailing address.

**Complaint in Foreclosure**

{¶5} On July 28, 2022, U.S. Bank filed a complaint in foreclosure with the Stark County Court of Common Pleas. In the complaint, U.S. Bank named Gary D. Sarver;

Unknown Spouse, if any, of Gary D. Sarver; Kimberly A. Sarver; and Unknown Spouse, if any, of Kimberly A. Sarver as defendants. The trial court granted an order appointing a process server to serve the pleadings.

{¶6}   On August 16, 2022, Chapman filed a copy of the summons and complaint in foreclosure addressed to "Kimberly A. Sarver" and "Unknown Spouse if any of Kimberly A. Sarver" at the Waynesburg real estate with the trial court. On both copies of the summons and the complaint in foreclosure, Chapman wrote, "This is a matter of public service. I am hereby returning attached documents served 08/11/2022 upon a minor. I do not accept this offer to contract and I do not consent to this proceedings." Chapman signed the written statement and had the statement notarized.

{¶7} On September 9, 2022, the appointed process service filed a return of service for both Kimberly A. Sarver and the Unknown Spouse, if any, of Kimberly A. Sarver. The return of service stated that on August 11, 2022 at 12:19 p.m. and on August 11, 2022 at 12:21 p.m., residential service of the summons and complaint for Kimberly A. Sarver and Unknown Spouse, if any, of Kimberly A. Sarver were made by serving K.S., a person of suitable age and discretion residing therein.

{¶8} Chapman filed a pro se "Verified Affidavit and Motion for Leave to File Motion for 12(B)1-6 with Exhibits" with the trial court on September 28, 2022. In the motion to dismiss, Chapman appeared to argue that she was not a party to the original mortgage. She further argued that she was not a proper party to the action because she changed her name from Kimberly A. Sarver to Kimberly A. Chapman. U.S. Bank filed a response to the motion to dismiss, to which Chapman filed a motion to strike the response. The trial court denied the motion to dismiss and the motion to strike U.S. Bank's response.

{¶9} U.S. Bank filed a motion for leave to amend the complaint in foreclosure to amend the name of Kimberly A. Sarver to "Kimberly A. Sarver aka Kimberly A. Chapman." The trial court granted the motion for leave and the amended complaint was filed on December 9, 2022. On February 8, 2023, Chapman filed a copy of the summons and amended complaint with her notarized written statement. She stated that she was returning the documents served on February 6, 2023, which she alleged were served on two minor children. She stated she did not accept the offer to contract and did not consent to the proceedings. The process server filed the return of service on February 10, 2023. The return of service stated that on February 6, 2023, he made personal service on Kimberly A. Sarver aka Kimberly Ann Chapman and residential service on the Unknown Spouse by serving Kimberly Ann Sarver aka Kimberly Ann Chapman.

{¶10} On March 13, 2023, Chapman filed a "Verified Affidavit and Motion for Leave to File Motion for 12(B)1-6 with Exhibits." U.S. Bank filed a response. The trial court denied the motion on April 28, 2023. Chapman filed a motion for reconsideration, which the trial court denied.

{¶11} On July 3, 2023, U.S. Bank filed a motion for summary judgment arguing it was entitled to judgment as a matter of law on its complaint in foreclosure against Kimberly A. Sarver aka Kimberly A. Chapman and the Unknown Spouse, if any, of Kimberly A. Sarver aka Kimberly A. Chapman. It also filed a motion for default judgment against Gary D. Sarver. Chapman filed an emergency motion for extension of time to file a summary judgment motion and default judgment motion. The trial court denied Chapman's emergency motion as moot because her deadline for a response was not until July 31, 2023. On July 31, 2023, Chapman filed a pro se motion for summary

judgment. She appeared to argue in the motion that she had not been properly served with the complaint. She also claimed there was a broken chain of title.

{¶12} The trial court granted U.S. Bank's motion for summary judgment and decree of foreclosure on August 4, 2023.

{¶13} On August 8, 2023, the Ohio Supreme Court issued its judgment entry denying Chapman's affidavit of disqualification of the trial court judge.

{¶14} Chapman filed a motion for reconsideration of the August 4, 2023 judgment entry. On September 5, 2023, she filed her notice of appeal of the August 4, 2023 judgment entry.

**ASSIGNMENTS OF ERROR**

{¶15} Chapman raises four Assignments of Error:

I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY ENTERING JUDGMENT IN FAVOR OF THE APPELLEE AND DENYING THE VERIFIED AFFIDAVIT AND MOTION FOR SUMMARY JUDGMENT WITH EXHIBITS AS THE APPELLEE LACKED CAPACITY TO SUE WITHOUT PROPER SERVICE OF SUIT, SERVICE WAS NEVER PERFECTED IN THIS ALLEGED SUIT ON THE APPELLANT OR ANY ADULT OR PERSONS OVER THE AGE OF 15 YEARS OLD AT APPELLANTS CHAMPMAN'S ADDRESS THUS IN THE STATE OF OHIO RENDERING THE JUDGMENT VOID AB INITIO OR OTHERWISE UNENFORCEABLE AS A MATTER OF LAW AND/OR EQUITY AS A FAILURE OF SERVICE. R.C. 4.1 SEE EXHIBITS A1-9.

II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY ENTERING JUDGMENT IN FAVOR OF THE APPELLEE AND DENYING THE VERIFIED AFFIDAVIT AND MOTION FOR LEAVE TO FILE MOTION FOR 12(B)1-6 WITH EXHIBITS AND VERIFIED AFFIDAVIT AND MOTION FOR SUMMARY JUDGMENT WITH EXHIBITS, AS THE DECREE OF FORECLOSURE WAS VOID, VOIDABLE, AND/OR IMPROPER PURSUANT TO FEDERAL AND OHIO LAW. THE FINAL JUDICIAL REPORT DATED 07/13/2022 PERFORMED BY CHICAGO TITLE REVEALED A CLEAR BLATANT BREAK IN THE CHAIN OF TITLE AND THUS FAILING TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED AND VIOLATING AN INDISPENSABLE PARTY NEED TO ADJUDICATE THIS FORECLOSURE. OHIO REVISED CODE SECTION 2305.19 AND CIV.R. 41(A). CARRINGTON MORTGAGE SERVICES NOR SELINE FINANCE, LP O.R.C. 5301.25 RECORDING IN COUNTY WHERE REAL ESTATE SITUATED-SURVEY SEE EXHIBITS B1-22 [SIC]. U.S. BANK NATIONAL ASS'N V. IBANEX, 941 N.E.2D 40 (MASS.2011).

III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY ENTERING JUDGMENT IN FAVOR OF THE APPELLEE WHEN APPELLEE ENTERED JUDICIAL NOTICE OF TAX FILING OF 1099-C AND FORM 982 ON 1040 FILING WITH EXHIBITS. 1099-C REFERENCE BOX HAD IDENTIFIABLE EVENT CODE B-OTHER JUDICIAL DEBT RELIEF. CODE B IS USED TO IDENTIFY

CANCELLATION OF THE DEBT AS A RESULT OF A RECEIVERSHIP, FORECLOSURE, OR SIMILAR FEDERAL OR STATE COURT PROCEEDING OTHER THAN BANKRUPTCY. SEE EXHIBITS C1-6.

IV. THE TRIAL TRIAL [SIC] COURT ERRED TO THE PREJUDICE OF THE APPELLANTS BY ENTERING JUDGMENT IN FAVOR OF THE APPELLEE WHEN APPELLANT SUBMITTED A MOTION FOR RECONSIDERATION WHICH INCLUDED A REGISTERED SECURITY TO APPELLEE AS DISCHARGE FOR PAYMENTS PER THE TRUST INDENTURE ACT OF 1939, PER THE SECURITIES ACT RULE 13D-3 AS BENEFICIAL OWNER. SEE EXHIBITS D1-14.

**ANALYSIS**

{¶16} We understand that Chapman filed her appeal pro se, but "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Richard v. Ohio Parole Bd.*, 5th Dist. Richland No. 23CA19, 2023-Ohio-3237, ¶ 19 quoting *Oyler v. Oyler*, 5th Dist. Stark No. 2014CA00015, 2014-Ohio-3468, 2014 WL 3907024, ¶ 19, quoting *Hardy v. Belmont Correctional Inst.*, 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See also, State v. Hall*, 11th Dist. Trumbull No. 2007-T-0022, 2008-Ohio-2128, ¶ 11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard*, 8th Dist. Cuyahoga No. 86154, 2005-Ohio-6494, ¶ 4 (internal quotation omitted). "Fairness and justice are best served when a court disposes of a case on the merits." *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 193, 431 N.E.2d 644 (1982). We caution, however, that "[i]f an argument exists that can support [an] assignment of error, it is not

this court's duty to root it out." *State v. Colston*, 5th Dist. Muskingum No. CT2019-0076, 2020-Ohio-3879, 2020 WL 4345269, ¶ 58, quoting *Thomas v. Harmon*, 4th Dist. Lawrence No. 08CA17, 2009-Ohio-3299, at ¶14, internal citation omitted. "It is not the function of this court to construct a foundation for [an appellant's] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal." *Catanzarite v. Boswell*, 9th Dist. Summit No. 24184, 2009-Ohio-1211, ¶ 16, quoting *Kremer v. Cox*, 114 Ohio App.3d 41, 60, 682 N.E.2d 1006 (9th Dist.1996).

{¶17} In the interest of justice but within the bounds of the Rules of Appellate Procedure, we will address Chapman's Assignments of Error.

## I. and IV.

{¶18} In her first Assignment of Error, Chapman argues the trial court erred in granting summary judgment in favor of U.S. Bank. Chapman appears to argue in her fourth Assignment of Error that the trial court erred when it granted summary judgment in favor of U.S. Bank. We disagree that the trial court erred.

{¶19} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶20} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such

evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶21} It is well established that the party seeking summary judgment bears the burden of demonstrating no issues of material fact exist for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment is delineated in *Dresher v. Burt*, 75 Ohio St.3d 280 at 293, 662 N.E.2d 264 (1996): "* * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 309 N.E.2d 924 (1974).

{¶22} Chapman appears to raise two arguments in her first Assignment of Error as to why the trial court erred in granting summary judgment in favor of U.S. Bank. She contends that U.S. Bank did not perfect service of the summons and amended complaint upon her and that it lacked capacity to sue because it was a foreign corporation. In her fourth Assignment of Error, Chapman refers to the filing of securities, but then states summary judgment was not appropriate.

{¶23} The record in this case shows that on February 8, 2023, Chapman filed copies of the summons and amended complaint, acknowledging her receipt of both on February 6, 2023. On the filed copies, Chapman made a written statement that the summons and amended complaint were served upon two minors and she objected to the same. The process server filed returns of service with the trial court on February 10, 2023. The return of service stated that on February 6, 2023, he made personal service of the summons and amended complaint on Kimberly A. Sarver aka Kimberly Ann Chapman and residential service on the Unknown Spouse by serving Kimberly Ann Sarver aka Kimberly Ann Chapman.

{¶24} The Sixth District Court of Appeals recently examined service of process in *Universal Acceptance Corp. v. Orwig*, 6th Dist. Lucas No. L-23-1109, 2024-Ohio-1069:

"Service of process is required to notify any interested parties of the pendency of an action and to afford them an opportunity to respond.' " *Griffin v. Braswell*, 187 Ohio App.3d 281, 2010-Ohio-1597, 931 N.E.2d 1131, ¶ 15 (6th Dist.); see also *Capital One Bank (USA), N.A. v. Coleman*, 6th Dist. Lucas No. L-18-1173, 2019-Ohio-3700, ¶ 11. "It is the plaintiff's duty to accomplish proper service on a defendant." *Id.*, quoting *Griffin* at ¶ 15. "If

the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice." *Treasurer of Lucas Cnty. v. Mt. Airy Investments Ltd.*, 6th Dist. Lucas No. L-18-1254, 2019- Ohio-3932, ¶ 15, citing *Cavalry Invest., L.L.C. v. Clevenger*, 6th Dist. Lucas No. L-05-1103, 2005-Ohio-7003, ¶ 10. * * *

"Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Mt. Airy Investments Ltd.* at ¶ 13. * * * A trial court may, within its discretion, reject a party's self-serving testimony that service was not received. *Countrywide Home Loans Servicing, L.P. v. Davis*, 6th Dist. Huron No. H-15-009, 2016-Ohio-7421, ¶ 20. * * *

*Universal Acceptance Corp.*, 2024-Ohio-1069, ¶ 16-19.

{¶25} The record in this case established there was no genuine issue of material fact that Chapman was served the summons and amended complaint in compliance with Civ.R. 4.1.

{¶26} Chapman next argues the trial court erred in finding U.S. Bank had capacity to sue because it was an unregistered foreign corporation. She cites this Court to *Citibank N.A. v. Rowe*, 9th Dist. Lorain No. 12CA010217, 2013-Ohio-523 where the Ninth District Court of Appeals found there was a genuine issue of material fact whether a subsidiary bank had complied with registration requirements before commencing suit to collect the debt on a credit card account. Chapman made this similar argument before the trial court in her multiple motions to dismiss and July 31, 2023 motion for summary judgment,

supported by her affidavit and various documents. Our de novo review of Chapman's arguments and supporting documentation find they do not create a genuine issue of material fact as to U.S. Bank's compliance with registration requirements as discussed in *Citibank N.A. v. Rowe, supra*.

{¶27} Chapman's first Assignment of Error is overruled.

{¶28} In Chapman's fourth Assignment of Error, she contends within her brief that the trial court "denied the filing of registered securities with the indenture trustee Wilmington Trust NA." (Appellant's Brief, p. 21). We note that the argument in her brief does not appear to relate to her assignment of error. She does not provide this Court with any analysis or support for the arguments. In order to consider Chapman's fourth Assignment of Error, we would be responsible for rooting out and supporting her claims. Chapman's fourth Assignment of Error is overruled.

**II.**

{¶29} In her second Assignment of Error, Chapman argues the trial court erred when it denied her motion for summary judgment. She appears to contend that U.S. Bank was not the real party in interest with standing to bring the foreclosure action. Chapman relies in part upon the Ohio Supreme Court's decision in *Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012–Ohio–5017, 979 N.E.2d 1214, to support her argument. *See also Wells Fargo Bank v. Grutsch*, 5th Dist. Delaware No. 14 CAE 100067, 2015-Ohio-4721.

{¶30} In *Schwartzwald*, the plaintiff mortgagee filed a complaint in foreclosure, but at the time it filed the foreclosure action, the plaintiff mortgagee did not have an interest in the note or the mortgage. The issue before the Court was whether the plaintiff

mortgagee could cure the lack of standing after the foreclosure complaint was filed. The Court held:

> * * * standing is required to invoke the jurisdiction of the common pleas court, and therefore it is determined as of the filing of the complaint. Thus, receiving an assignment of a promissory note and mortgage from the real party in interest subsequent to the filing of an action but prior to the entry of judgment does not cure a lack of standing to file a foreclosure action.

*Id.* at ¶ 3, 979 N.E.2d 1214.

{¶31} In *Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015–Ohio–1484, 31 N.E.3d 637, the Ohio Supreme Court clarified its holding in *Schwartzwald* to state that the decision did not require the plaintiff to prove standing at the time the foreclosure action was filed. *Id.* at ¶ 1, 979 N.E.2d 1214. "Rather, although the plaintiff in a foreclosure action must have standing at the time suit is commenced, proof of standing may be submitted subsequent to the filing of the complaint." *Id.*

{¶32} U.S. Bank filed the amended complaint on December 9, 2022. In the amended complaint, U.S. Bank alleged its was the holder of the note and mortgage. A copy of the note, loan modification agreement, and the chain of assignments were attached to the amended complaint. In support of its motion for summary judgment, U.S. Bank attached the affidavit of Debbie Benzley, a document execution specialist with Selene Finance LP, the loan servicer. Benzley authenticated the copies of the note, mortgage, and chain of assignments.

{¶33} Upon this record, the evidence demonstrates that U.S. Bank is the real party in interest with standing to bring the foreclosure action against Chapman.

{¶34} Chapman's second Assignment of Error is overruled.

**III.**

{¶35} Chapman contends in her third Assignment of Error that the trial court erred when it denied her motion to vacate because the decree in foreclosure was void.

{¶36} Upon review of the record in this case, this Court cannot determine what "motion to vacate" Chapman is referring to. Chapman does not identify the specific "motion to vacate" in her appellate brief. After the trial court granted U.S. Bank's motion for summary judgment and decree in foreclosure, Chapman filed a motion for reconsideration on August 21, 2023. The trial court did not rule on the motion before Chapman filed her notice of appeal.

{¶37} The Supreme Court of Ohio has held that a request for reconsideration of a final judgment at the trial court level is a nullity, as is any judgment or final order resulting from such a motion. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713, 715 (1988), citing *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 381, 423 N.E.2d 1105 (1981).

{¶38} Chapman's third Assignment of Error is overruled.

**CONCLUSION**

{¶39} The judgment of the Stark County Court of Common Pleas is affirmed.

By:  Delaney, P.J.,

Gwin, J. and

Wise, J., concur.