[Cite as *Countrywide Home Loans Servicing, L.P. v. Davis*, 2016-Ohio-7421.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

Countrywide Home Loans Servicing, L.P.     Court of Appeals No. H-15-009

     Appellee                     Trial Court No. CVE 2009 0469

v.

James P. Davis aka James Davis,
aka James Phillip Davis, et al.         **DECISION AND JUDGMENT**

     Appellant               Decided:  October 21, 2016

* * * * *

Robert A. DeBlasis, for appellee.

Warren W. Ruggles and West M. Ruggles, for appellant.

* * * * *

**JENSEN, P.J.**

## I.  Introduction

**{¶ 1}** In this foreclosure action, the Huron County Court of Common Pleas entered a default judgment in favor of the plaintiff-appellee, Countrywide Home Loans Servicing, L.P.  Five years later, the defendant-appellant, James P. Davis, moved the

court to dismiss the case because he claimed that service of process was invalid as to him and therefore, that the foreclosure judgment was void ab initio.

{¶ 2} The lower court denied the motion, finding that service was valid and the sale of the property could proceed. For the reasons that follow, we affirm.

## II. Statement of Facts and Procedural History

{¶ 3} Appellee filed a complaint in foreclosure on May 18, 2009, based on an alleged default under the terms of a promissory note, executed by appellant, and a mortgage, executed by appellant and his then-wife, Lisa Davis. Appellee named appellant, Lisa Davis, America's Wholesale Lender, and the Huron County Treasurer as defendants. The mortgage encumbered the real property at 4914 State Route 601, Norwalk, Ohio 44857, where appellant lived.

{¶ 4} At issue in this case is service of the summons and complaint as it relates to appellant.

{¶ 5} Appellee moved to appoint a private process server which the court granted. According to the record, the process server made "residence service" on appellant at his usual place of residence with appellant's "sister (live-in) Linda Johnson age 50-60 years" on May 20, 2009. The server filed a "return of service" with the clerk the next day.

{¶ 6} Only the county treasurer answered the complaint. On July 2, 2009, appellee filed a motion for default judgment as to the remaining defendants. None of the parties, including appellant, responded to the motion, and the trial court entered a default

2.

judgment in foreclosure on July 7, 2009. Appellee purchased the property on September 16, 2013, and the clerk of courts issued a writ of possession on June 23, 2014.

{¶ 7} On September 12, 2014, five years after the default judgment, appellant moved to dismiss the case. He claimed that he had not been served with process and, therefore, that the trial court never obtained personal jurisdiction over him. He submitted affidavits to that effect from Johnson and himself.

{¶ 8} Appellee objected to the motion, and an evidentiary hearing was held. At the hearing, the parties stipulated that appellant's sister, Linda Johnson, lives next door to appellant, on an adjacent property, with a separate address. Johnson testified that she did not receive any papers regarding the commencement of this action on or about May 20, 2009.

{¶ 9} Likewise, appellant denied that he received the summons or complaint. He also claimed not to have received five other notices sent by the clerk of courts, subsequent to the filing of the complaint. Appellant verified that the docket correctly identified his address and that he has had no problems with his mail delivery.

{¶ 10} Appellee called the general manager of Process Pro, LLC, the company hired to serve appellant with process. The manager testified as to the company's methods generally, stated that those methods were followed here, and read from the company records created in this case. The process server created a report which states, in part: "At 5-20-2009 at 7:00 p.m., served through live-in sister, Linda Johnson, a white female 50 to 60 years old, 5'7", 140 to 150 pounds, short blonde slash gray hair."

3.

**{¶ 11}** Following briefing by both sides, the trial court denied appellant's motion to dismiss. The trial court found that appellee presented evidence to create a presumption of valid residence service and that appellant had failed to rebut that presumption. The court specifically found that testimony by appellant and Johnson was not credible. Appellant appealed. [1]

**{¶ 12}** Appellant raises the following assignment of error:

The trial court erred as a matter of law by concluding that the Civil Rules were followed even though it found that the person to whom the process and the complaint were allegedly given did not actually reside in defendant-appellant's residence.

### III. Law and Analysis

**{¶ 13}** Due process requires that service of process be accomplished in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" and to give them an opportunity to appear. *Samson Sales, Inc. v. Honeywell, Inc.*, 66 Ohio St.2d 290, 293, 421 N.E.2d 522 (1981). "In addition, service of process must satisfy the requirements of Civ.R. 4 *et seq.* Proper service of process is needed before the court can render a valid default judgment. Therefore, a default

---

[1] Initially, we found that the trial court's judgment, denying the motion to dismiss, was not a final, appealable order. We reconsidered that decision, however, pursuant to the rationale articulated in *Dairyland Ins. Co. v. Forgus,* 58 Ohio App.3d 78, 569 N.E.2d 1232 (8th Dist.1989).

4.

judgment rendered by a court without personal jurisdiction over the parties is void." (Citations omitted.)  *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 601 N.E.2d 138 (6th Dist.1991); *see also Peoples Banking Co. v. Brumfield Hay & Grain Co.*, 172 Ohio St. 545, 179 N.E.2d 53 (1961), paragraph two of the syllabus.

Moreover, "the determination by the trial court of the question of sufficiency of process is a matter in its sound discretion."  *Seal Master Indus. v. Bay Area Seal Coating & Stripping*, 6th Dist. Lucas No. L-05-1186, 2006-Ohio-3610, ¶ 18.  An abuse of discretion requires more than an error in judgment; the trial court's decision must be found to be unreasonable, arbitrary, or unconscionable.  *In re. K.M.-B.,* 6th Dist. Lucas No. L-15-1037, 2015-Ohio-4626, ¶ 45.

{¶ 14} Civ.R. 4.1 describes the methods that may be used for service of process within the state.  The rule permits service by the clerk of courts, personal service, and residence service.  At issue herein is whether residence service, pursuant to Civ.R. 4.1(C), was accomplished.  The rule provides, in relevant part,

> The person serving process shall effect service by leaving a copy of the process and the complaint, or other document to be served, *at the usual place of residence of the person to be served with some person of suitable age and discretion then residing therein*. When the copy of the process has been served, the person serving process shall endorse that fact on the process and return it to the clerk, who shall make the appropriate entry on the appearance docket.  (Emphasis added.)

5.

**{¶ 15}** "[V]alid service of process is presumed when such a person at the defendant's residence receives the summons." *Henry v. Baker*, 6th Dist. Erie No. E-02-001, 2002-Ohio-2170, ¶ 6, citing *Ohio Civ. Rights Comm. v. First Am. Properties, Inc.*, 113 Ohio App.3d 233, 237, 680 N.E.2d 725 (2d Dist.1996).

**{¶ 16}** Appellant argues that residence service was ineffective because "the person to whom the process and the complaint were allegedly given did not actually reside in appellant's residence. The [legal] conclusion of the trial court is in conflict with the basic requirements of Civ.R. 4.1(C)."

**{¶ 17}** In response, appellee makes two arguments. First, it claims that appellant had actual knowledge of the lawsuit, given the multiple notices sent to his address. Appellee stresses that the court judicially noticed five court-initiated filings that were sent to appellant, at the correct address, subsequent to the complaint. A defendant's knowledge that a case has been filed against him, however, does not dispense with the necessity of service of process. "[I]naction upon the part of a defendant, *even though he might be aware of the filing of the action, does not dispense with the need for service*." (Emphasis added.) *Maryhew v. Yova*, 11 Ohio St.3d 154, 157, 464 N.E.2d 538 (1984), citing *Haley v. Hanna*, 93 Ohio St. 49, 112 N.E. 149 (1915). A defendant who was not served with process may do nothing or may file an answer asserting the defense of insufficient service of process. *Id.*

**{¶ 18}** Second, appellee argues that the trial court acted reasonably when it found that the appellee satisfied its burden to show that service was valid. In so ruling, the

6.

court accepted the testimony of the process server and the documentary evidence, i.e., that a person matching Johnson's description received the court papers, at appellant's home, and that she identified herself as appellant's "live-in" sister.

{¶ 19} Indeed, the court found:

> The Court is persuaded that the most reliable evidence in the matter is the actual return of service filed in the Court's records on May 21, 2009. The return plainly shows that the Complaint was served on May 20, 2009 upon [appellant] by [the] process server * * * and that [the process server] hand delivered the Complaint to someone who identified herself as Linda Johnson and as [appellant's] sister. The return further accurately reflects Ms. Johnson's age. While the return does indicate that Ms. Johnson lived at [appellant's] residence, the testimony at the hearing established that she actually lived on an adjoining parcel. Based on the evidence presented, the Court finds that the [appellee] followed the Civil Rules in making service and that it is therefore presumed valid. The Court further finds that the simple denial by Ms. Johnson is not credible. The Court finds that [appellant's] denial of any knowledge of the action is also not credible.

{¶ 20} Appellee argues, and we agree, that the court acted within its discretion to reject Johnson's self-serving testimony, all these years later, that she did not receive service at appellant's residence and/or that she did *not* claim to live there, even if that was, in fact, accurate.

7.

{¶ 21} The trial court found that the testimony offered by appellant did not provide the necessary evidence to rebut the presumption of proper service. We see no abuse of discretion. Appellant's assignment of error is not well-taken, and the judgment of the trial court is affirmed. Costs are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Arlene Singer, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE