[Cite as *Universal Acceptance Corp. v. Olivarez*, 2024-Ohio-1069.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

| | |
|---|---|
| Universal Acceptance Corp. | Court of Appeals No.  L-23-1109 |
| Appellee | Trial Court No.  CVI1700259 |
| v. | |
| Lorenzo M. Orwig | **<u>DECISION AND JUDGMENT</u>** |
| Appellant | Decided: March 22, 2024 |

* * * * *

Gregory S. Reichenbach, for appellee.

Anthony J. Calamunci, for appellant.

* * * * *

**SULEK, P.J.**

{¶ 1} Appellant, Lorenzo M. Olivarez fka Lorenzo M. Orwig, appeals the March

23, 2023 order of the Sylvania Municipal Court denying his motion to vacate the default

judgment entered against him and in favor of Appellee, Universal Acceptance Corp.

Because the trial court did not address whether Olivarez rebutted the presumption that he

had been served, the trial court's judgment is reversed and the matter is remanded for the court to decide this issue.

## I. Background

{¶ 2} On August 21, 2017, Universal filed a complaint against Olivarez asserting a claim for breach of contract. Universal alleged that Olivarez entered into an installment loan contract in February 2017 for the purchase of a vehicle, Olivarez defaulted on the contract, the vehicle had been repossessed and sold at auction, and Olivarez owed Universal the remaining balance of the loan, $4,357.86, in addition to a $235 repossession fee. Attached to the complaint were the contract, a summary of the account history, and a document evidencing the sale of the vehicle at auction.

{¶ 3} The complaint was sent by certified mail to Olivarez at 840 6th Street, Apartment C, Bowling Green, Ohio. On August 25, 2017, someone, the identity of whom is unclear, signed for the complaint. The recipient's address was handwritten as "840 6th." Olivarez did not answer or otherwise enter an appearance. On November 9, 2017, the trial court granted default judgment in favor of Universal.

{¶ 4} A notice of garnishment proceedings was sent by certified mail to Olivarez at 840 6th Street, Apartment C, in Bowling Green. On November 22, 2017, someone whose signature appears to be Susan Orwig signed the recipient card. Olivarez's wages from his then-employer, Compass Group, USA, were garnished throughout 2018.

Beginning in September 2022, Olivarez's wages from Wood County Hospital also were garnished.

{¶ 5} On January 6, 2023, Olivarez, acting pro se, filed a motion to vacate the default judgment against him. He maintained that he had never lived at 840 6th St., Apartment C in Bowling Green and did not sign the certified mail receipt from August 2017. He also asserted that he did not know about this case until his wages were garnished. Attached to Olivarez's motion was a notarized page in which he attested to the truthfulness of his assertions in the motion.

{¶ 6} In response, Universal presented a copy of Olivarez's credit application that listed his address as 840 6th St., Apartment C in Bowling Green. Because Universal used the methods prescribed in Civ.R. 4.1 to serve Olivarez at the address he had provided in his credit application, Universal argued that service was proper even if Olivarez did not personally sign for the certified mail. Further, Universal argued that Olivarez did not establish the elements of a Civ.R. 60(B) motion to vacate.

{¶ 7} Olivarez retained counsel who filed a reply on Olivarez's behalf. In his reply, Olivarez argued that Civ.R. 60(B) did not apply to a motion to vacate for lack of service. Olivarez also argued that although a plaintiff's compliance with Civ.R. 4.1 creates a rebuttable presumption of service, a defendant may rebut the presumption by setting forth evidence that service was not accomplished. Because Olivarez had

submitted uncontroverted evidence that he had not received service, Olivarez argued that he had rebutted the presumption of service, and the default judgment was void.

{¶ 8} The trial court held a hearing on Olivarez's motion on March 23, 2023. Olivarez, who was the only person to testify, stated that when he bought the vehicle in February 2017, he was living in Bowling Green, Ohio, but he did not have a permanent address. Accordingly, on the credit application for the loan, he used his mother's address, 840 6th Street, Apartment C in Bowling Green; however, he maintained that he never lived at that address. Olivarez also asserted that his mother no longer lived at that address, but he was not sure when she moved.

{¶ 9} Next, Olivarez testified that he was familiar with his mother's signature and that the signature on the August 2017 certified mail card was not his mother's nor was the signature his. Olivarez asserted that he did not know if his mother ever received any mail from the court, and he did not find out about this case until the end of 2022 when his supervisor told him that his wages were being garnished.

{¶ 10} On cross-examination, Olivarez admitted that he had obtained a loan to purchase the vehicle, he had defaulted on that loan, the vehicle had been repossessed, and he owed Universal $4,592.86. When asked whether he disputed that someone at his mother's address signed for the complaint, Olivarez said, "Someone did sign for it. I just don't know who."

{¶ 11} Following the parties' arguments, the trial court found that there was effective service, pointing out that service was made at the address Olivarez gave on his credit application. The court explained as follows:

There is service received at that address. He disputes that's his mother's signature. Be that as it may, there's no testimony that his mother wasn't there. So based on the facts that remain, it appears that service was appropriate to his mother. It doesn't have to be him. And I find there is effective service, and I will deny the motion to set aside motion to vacate judgment for that reason. And the garnishment is to proceed.

{¶ 12} The court also issued a written order following the hearing:

Court finds service was proper. Defendant testified he provided his mother's address on loan and purchase documents. Service by certified mail was made at that address and there was no testimony from mother that she did not live there when service was made. Defendant testified that his mother had moved, but did not know when. Motion to vacate is denied. Garnishment to proceed.

## II. Assignment of Error

{¶ 13} Olivarez appeals the trial court's order denying his motion to vacate, asserting the following assignment of error:

The trial court erred in denying Appellant's motion to vacate because Appellant presented unrebutted testimony and supporting evidence that he never received service.

### III.  Law and Analysis

{¶ 14} In support of his assignment of error, Olivarez argues that even if a presumption of good service arose in this case, Olivarez rebutted the presumption through his uncontroverted testimony that he never received notice of the proceeding. Universal contends that Olivarez's self-serving testimony was insufficient to rebut the presumption of good service.

{¶ 15} A trial court's findings regarding service of process are reviewed under an abuse of discretion standard.  *Adamski v. Adamski*, 6th Dist. Lucas No. L-21-1067, 2022-Ohio-32, ¶ 35, citing *Beaver v. Beaver*, 4th Dist. Pickaway No. 18CA5, 2018-Ohio-4460, ¶ 29.

{¶ 16} "Service of process is required to notify any interested parties of the pendency of an action and to afford them an opportunity to respond.'"  *Griffin v. Braswell*, 187 Ohio App.3d 281, 2010-Ohio-1597, 931 N.E.2d 1131, ¶ 15 (6th Dist.); *see also Capital One Bank (USA), N.A. v. Coleman*, 6th Dist. Lucas No. L-18-1173, 2019-Ohio-3700, ¶ 11. "It is the plaintiff's duty to accomplish proper service on a defendant." *Id.*, quoting *Griffin* at ¶ 15.  "If the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this

presumption with sufficient evidence of nonservice." *Treasurer of Lucas Cnty. v. Mt. Airy Investments Ltd.*, 6th Dist. Lucas No. L-18-1254, 2019-Ohio-3932, ¶ 15, citing *Cavalry Invest., L.L.C. v. Clevenger*, 6th Dist. Lucas No. L-05-1103, 2005-Ohio-7003, ¶ 10. A default judgment against a party who was never properly served is void, and the trial court must vacate the judgment. *State ex rel. Ballard v. O'Donnell*, 50 Ohio St.3d 182, 553 N.E.2d 650 (1990), paragraph one of the syllabus; *see also Coleman* at ¶ 11.

{¶ 17} "Service of process must be made in a manner reasonably calculated to apprise interested parties of the action and to afford them an opportunity to respond." *Mt. Airy Investments Ltd.* at ¶ 13. " 'Service need not be made to the party's actual address so long as it is made to an address where there is a reasonable expectation that service will be delivered to the party.' " *Coleman* at ¶ 12, quoting *United Home Fed. v. Rhonehouse*, 76 Ohio App.3d 115, 124, 601 N.E.2d 138 (6th Dist.1991)

{¶ 18} "If the plaintiff follows the Civil Rules governing service of process, courts presume that service is proper unless the defendant rebuts this presumption with sufficient evidence of nonservice." *Mt. Airy Investments* at ¶ 15, citing *Clevenger* at ¶ 10. The party seeking to vacate a judgment for lack of service has the burden to rebut the presumption by setting forth evidence that establishes nonservice. *Yost v. McNea*, 6th Dist. Erie No. E-20-014, 2021-Ohio-2145, ¶ 22. "[B]efore finding a default judgment void ab initio, the trial court must determine whether sufficient competent, credible evidence of nonservice exists." *Griffin* at ¶ 17.

**{¶ 19}** A trial court may hold a hearing to determine whether credible, competent evidence supports nonservice. *Id.* A trial court may, within its discretion, reject a party's self-serving testimony that service was not received. *Countrywide Home Loans Servicing, L.P. v. Davis*, 6th Dist. Huron No. H-15-009, 2016-Ohio-7421, ¶ 20. However, "'[i]t is reversible error for a trial court to disregard unchallenged testimony that a person did not receive service.'" *Yost* at ¶ 25, quoting *Rafalski v. Oates*, 17 Ohio App.3d 65, 67, 477 N.E.2d 1212 (8th Dist. 1984).

**{¶ 20}** Here, Universal sent, by certified mail as provided in Civ.R. 4.1(A), the complaint and summons to Olivarez's mother's address. Although Olivarez testified that he had never lived there, he provided that address in the loan documents when he purchased the vehicle. Accordingly, Universal had a reasonable expectation that Olivarez would receive service, and a rebuttable presumption of service arose.

**{¶ 21}** Olivarez submitted an affidavit attesting that he did not receive service, and the trial court held a hearing to assess the credibility of the evidence. At the hearing, Olivarez testified that the signature on the receipt for the certified mail was neither his nor his mother's signature. [1] He also testified that his mother moved from that address

---

[1] Oliveraz also points out that the person who signed for service in August 2017 wrote the recipient's address as "840 6th" without indicating the apartment number, and therefore argues the trial court abused its discretion in finding that service was good. However, nowhere in the trial court proceedings was the effect of the omission of the apartment number from the recipient card discussed. Accordingly, any argument regarding the omission of the apartment number is forfeited. *See Delitoy v. I. Stylez Hair & Nails Design, Inc.*, 8th Dist. Cuyahoga No. 108833, 2020-Ohio-3370, ¶ 21 (declining to consider argument that the complaint was signed for with an "unrecognizable signature"

sometime after he purchased the vehicle but he was not sure when. Finally, he testified that he did not know if his mother ever received any mail from the trial court, and he did not know about the proceeding until the end of 2022.

{¶ 22} In the trial court's order finding that service was proper, it specifically addressed whether Olivarez's mother was living at the address where the complaint was sent at the time of its delivery. It noted that Olivarez's mother did not testify, and Olivarez had merely stated that he did not know when she moved. The court made no further findings. Significantly, the court never addressed Olivarez's testimony that he had no notice of the proceeding until 2022.

{¶ 23} While whether Olivarez's mother received the complaint and summons may have made Olivarez's assertion of nonservice less credible, this fact alone is not determinative of whether Olivarez himself actually received the complaint and summons. Even if Olivarez's mother lived at the address and received the complaint, she may not have informed him of the complaint. By limiting its findings to only whether Olivarez's mother received the complaint, the trial court never addressed whether Olivarez rebutted the presumption of service by testifying that he did not receive notice of the proceeding until sometime after the default judgment. Thus, the trial court erred in holding that

in an appeal of an order denying a motion to vacate a default judgment because the appellant failed to raise the argument before the trial court).

service was proper without determining whether Olivarez actually received service.

Olivarez's assignment of error is found well-taken.

## IV. Conclusion

{¶ 24} Based on the foregoing, the judgment of the Sylvania Municipal Court is reversed, and the matter is remanded for proceedings consistent with this opinion.

Judgment reversed<br>and vacated.

.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.            _____

                                          JUDGE

Christine E. Mayle, J.         

                          _____

Charles E. Sulek, P.J.                               JUDGE
CONCUR.

                          _____

                                          JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.